## THE STATE v. PATTON.

[No. 19,756.   Filed October 8, 1902.]

PRIZE-FIGHTING.—*Information.*—*Sufficiency.*—An information alleging that defendant, in pursuance of a previous arrangement and appointment with another, did unlawfully engage as principal in a fight with that other with their fists, for a wager, sufficiently charges the crime of prize-fighting, under §2062 Burns 1901. *pp. 249–251.*

APPEAL.— *Index.*— *Marginal Notes.*—*Presumption.*— Where a record comes to the Supreme Court with a proper index and marginal notes, it will be presumed, in the absence of a showing that they were added after the filing, that they were added before the transcript was filed in this court. *p. 252.*

From Sullivan Circuit Court; *O. B. Harris,* Judge.

Robert Patton was charged with prize-fighting. From a judgment sustaining his motion to quash the information, the State appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *C. C. Hadley, Merrill Moores, E. W. McIntosh* and *W. H. Bridwell,* for the State. *J. T. Hays* and *W. H. Hays,* for appellee.

HADLEY, J.—Appellee was arraigned for trial upon the following charge: "That Robert Patton, late of said county, on the 25th day of June, 1901, at and in the county of Sullivan and State of Indiana, by and in pursuance of a previous arrangement and appointment with William Dickerson so to do, did then and there unlawfully engage as a principal with said William Dickerson in a fight between each other with their fists for and upon a certain wager, which wager is to the prosecuting attorney unknown." Appellee's motion to quash was sustained, and the State appeals. The charge is predicated on this statute: "Whoever engages as principal in any prize-fight, or attends any such fight as a backer, trainer, second, umpire, assistant, or reporter, shall be fined," etc.

No question is made as to the validity of the statute, but the sole contention is whether the facts set forth in the information constitute a prize-fight within the meaning of the statute under a proper construction thereof. Appellee insists that the charge is insufficient for failure to describe the encounter in the language of the statute; that is, for failure to charge that the "defendant did unlawfully engage, as a principal, in a prize-fight." Whether the charge, if made as appellee insists it should have been, would be good or bad, we are not called upon to decide. Our only task is to determine whether the one before us sufficiently states the public offense of prize-fighting. That which is essential to a criminal charge is that the indictment or information shall set forth with reasonable precision and certainty all the elements necessary to constitute the offense meant to be

punished, and will advise the defendant of the things which he is called upon to answer. What is necessary to an indictment is thus defined by the statute: "The indictment or information must contain—*First*. The title of the action, specifying the name of the court to which the indictment or information is presented and the names of the parties. *Second*. A statement of the facts constituting the offense, in plain and concise language without unnecessary repetition." §1800 Burns 1901. The language used in clause second is precisely the language employed in clause second of §341 Burns 1901, which declares the requisite of a complaint in a civil action. The whole purpose of the legislature, in the enactment of both the civil and criminal code, was to do away with useless forms, repetition, and technicality, and thus bring the procedure in both classes of action to the "common understanding."

When a statute specifically, and with certainty to a common intent, defines what facts shall constitute an offense, it is usually sufficient to charge the crime in the language of the statute, but statutory language is usually insufficient where the offense is not defined by the statute. *Ledgerwood* v. *State,* 134 Ind. 81, and cases cited; *State* v. *Berdetta,* 73 Ind. 185, 38 Am. Rep. 117; *Hopewell* v. *State,* 22 Ind. App. 489, 492.

It is proper, if not necessary, in all cases to set forth in the indictment or information the facts relied upon by the State in "plain and concise language," and from those facts the court will determine whether the charge comes within the prohibition of the statute, and its proper name or designation. The real character of a charge is not affected, one way or another, by any term or appellation which the grand jury or prosecuting attorney may give to or withhold from it. "Where the definition of an offense, whether by rule of common law or by statute," says a distinguished author, "includes generic terms (as it necessarily must), it is not sufficient that the indictment should charge the of-

State *v.* Patton.

fense in the same generic terms as in the definition, but it must state the species—it must descend to particulars." 1 Archibald's Cr. Proc., 88; 10 Ency. Pl. & Pr., 480, and cases collated.

When a public offense has been declared by statute and punishment fixed therefor, without definition,—as now well established may be done in this State,—the courts will resort to the common law, and the general import of the language used, to determine the sufficiency of the charge within the general terms of the statute. *Ledgerwood* v. *State, supra,* p. 89; *Hedderich* v. *State,* 101 Ind. 564, 572, 51 Am. Rep. 768.

It remains to be seen if the facts alleged in the information sufficiently states the public offense of prize-fighting. Webster defines a prize-fight to mean "An exhibition contest, especially one of pugilists, for a stake or wager," and the Century Dictionary defines the same term as "A pugilistic encounter, or a boxing match for a prize or wager." For the views of other courts as to the popular meaning of the term arising upon similar statutes, see *Seville* v. *State,* 49 Ohio St. 117, 30 N. E. 621, 15 L. R. A. 516; *People* v. *Taylor,* 96 Mich. 576, 56 N. W. 27, 21 L. R. A. 287; *Commonwealth* v. *Barrett,* 108 Mass. 302. "Prize-fight" is a phrase of common use, and its employment indicates what is meant as clearly and distinctly as other English terms. When it is said that one, in pursuance of a previous arrangement and appointment with another, did unlawfully engage as principal in a fight with that other with their fists, for a wager, there is, by one of ordinary understanding, no mistaking the nature of the act. Such an act is at once understood to mean "a pugilistic encounter for a prize or wager." The facts alleged in the information constitute a prize-fight within the meaning of the statute, and, being otherwise formal, is sufficient to put the appellee upon trial for that offense.

Appellee objects to a consideration of this appeal for want of an index, marginal notes, and numbered lines upon the transcript, as required by the rules of this court. As the record comes to us all these things are supplied in accordance with the rules, and, in the absence of a proper showing that they were added after the filing, we must presume that they were added before the transcript was filed in this court.

Judgment reversed, with instructions to overrule the motion to quash, and for further proceedings in accordance with this opinion.