IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1910, AND MAY
TERM, 1911, IN THE NINETY-FIFTH
YEAR OF THE STATE.

---

### TURNER *v.* THE STATE OF INDIANA.

[No. 21,741.   Filed December 13, 1910.]

1. INTOXICATING LIQUORS.—*Selling without License.—Affidavit.*—
An affidavit charging that defendant on a certain date, at a cer-
tain place, "did then and there unlawfully sell to Louis Wien one
pint of beer, at and for the price of ten cents, he, the said Buff
Turner [defendant] not then and there being licensed under the
laws of the State of Indiana to sell spirituous, vinous and malt
liquors," sufficiently shows that defendant sold intoxicating
liquors without a license.  p. 2.

2. INTOXICATING LIQUORS.—*"Beer."*—"Beer" is an intoxicating,
fermented, malt liquor.  p. 2.

3. INTOXICATING LIQUORS.—*Beer.—Sale of.—Evidence.*—In a prose-
cution for the unlawful sale of beer, it may be shown in defense
that the article sold as beer was not intoxicating.  p. 3.

4. TRIAL.—*Motions in Arrest and for a New Trial.*—The filing of
a motion in arrest of judgment cuts off the right to file a motion
for a new trial.  p. 3.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Prosecution by The State of Indiana against Buff Turner.
From a judgment of conviction, defendant appeals.  *Affirmed.*

*Christian & Christian,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins,
Edward M. White* and *William H. Thompson,* for the State.

JORDAN, J.—The State instituted this prosecution against
appellant upon an affidavit charging the unlawful sale of in-

toxicating liquors.   The affidavit alleged that "Ivan R.

1.   Godwin, being duly sworn, upon his oath says that as he is informed and believes that Buff Turner, a person whose true name is unknown to affiant, on February 8, 1910, at the county of Hamilton and State of Indiana, did then and there unlawfully sell to Louis Wien one pint of beer, at and for the price of ten cents; he, said Buff Turner, not then and there being licensed under the laws of the State of Indiana to sell spirituous, vinous and malt liquors."   Appellant moved to quash the affidavit upon the ground that it did not state an offense.   His motion was overruled, to which he excepted. On a trial by the court the defendant was found guilty, and fined $100.   Over appellant's motion in arrest of judgment and for a new trial, judgment was rendered upon the finding of the court.   He appeals, and assigns as errors the overruling of the motion to quash the affidavit and the overruling of the motion for a new trial.

The argument of appellant's counsel in regard to the insufficiency of the affidavit is somewhat confused, and we are not clearly advised thereby in respect to the deficiency urged against the pleading, but as we view their argument, it is that the liquor alleged to have been sold is not shown to have been of the kind or character to require appellant to have a license, under the laws of this State, in order lawfully to sell it.   It will be noted that the affidavit charges appellant with the unlawful sale of a pint of beer for the price of ten cents to the person therein mentioned at the time and place stated.   The absence of a license is duly negatived by the averments of the pleading.   The affidavit, considered as a whole, certainly discloses that the liquor with which it is dealing, and which it charges was sold by appellant, is malt liquor.   The primary meaning of the term " beer," as held by this court in the case of *Myers* v.

2.   *State* (1884), 93 Ind. 251, is " a fermented liquor; " or, in other words, " a malt liquor made from any malted grain with hops or other bitter flavoring."   The

NOVEMBER TERM, 1910.    3

F. W. Cook Investment Co. v. Evansville, etc., Railway—175 Ind. 3.

sufficiency of the affidavit, in respect to the liquor therein mentioned being malt liquor, is fully sustained by the decision of this court in the case of *Welsh* v. *State* (1890), 126 Ind. 71. On the same point see Joyce, Intox. Liq. §21; Woollen & Thornton, Intox. Liq. §76.

If the beer sold by appellant was not intoxicating liquor within the meaning of the statute prohibiting the sale of such liquors as a beverage by an unlicensed dealer,

3. he had the right to controvert that fact upon the trial.

The affidavit is sufficient, and there was no error in overruling the motion to quash.

It appears that after the court found appellant guilty and assessed his punishment, he, on April 8, 1910, filed a motion in arrest of judgment. This motion the court denied,

4. to which ruling he excepted. Thereafter, on the 11th day of the same month, he filed his motion for a new trial, wherein he assigned certain reasons in support thereof. As the motion in arrest of judgment and the ruling of the court thereon preceded the filing of the motion for a new trial, appellant thereby deprived himself of the right to file a motion for a new trial. Therefore, the latter motion cannot be considered in this appeal. *Yazel* v. *State* (1908), 170 Ind. 535, and cases cited.

As the record presents no error, the judgment below is affirmed.