SAMMY SAMPSON v. STATE.

No. A-3328—Opinion Filed Jan. 8, 1921.

(194 Pac. 279.)

(Syllabus.)

1.   **PRIZE FIGHTING—"Ring or Prize Fight."** The term "ring or prize fight," as used in section 2567, Revised Laws 1910, means an exhibition contest of pugilists for a stake or reward;

and the facts that the reward was to be equally divided between the combatants, and that they used gloves, would not legalize the transaction. .

2.    **SAME—Sufficiency of Evidence.** For evidence **held** sufficient to sustain a conviction of promoting a ring or prize fight, and reasons therefore, see statement of facts and body of opinion.

*Appeal from County Court, Oklahoma County;*

*Wm. H. Zwick, Judge.*

Sammy Sampson was convicted of the offense of promoting a ring or prize fight, his punishment assessed at a fine of $100, and he appeals. Affirmed.

Plaintiff in error (hereafter designated defendant) was tried in the county court of Oklahoma county on the 28th of January, 1918, for an alleged violation of the statute of this state prohibiting the instigation, encouraging, or promotion of any ring or prize fight. A verdict of guilty resulted, and defendant's punishment was fixed at a fine of $100, and judgment was rendered in conformity with the verdict, from which judgment defendant has appealed to this court.

The material evidence is in substance as follows: That defendant was the promoter and matchmaker of an alleged athletic club, which carried on and gave certain exhibitions or fistic encounters between two principals in an ordinary ring or squared circle, about 16 by 24 feet in dimension, in a building known as the India Temple Building, located at Broadway and Second streets, in Oklahoma City, Okla.

That on or about the 15th of May, 1917, this club, known as the Business Men's Athletic Association and

Business Club, staged a series or card of fistic contests, among which were encounters between two individuals, one by the name of Tom Story and another designated as "Young Fitzsimmons", and another between Nate Jackson and Earl Puryear. The exhibitions given on this particular occasion were attended by over 300 spectators, who paid admissions ranging from the price of 50 cents each to $1 each; that there were seats provided in tiers, one above the other, surrounding the roped arena, from which seats the spectators viewed the contests.

That the principals Story and Young Fitzsimmons were paid a sum of $15 each for participating in their contest, and the principals Jackson and Puryear were paid a sum of $100 each for participating in their contest. That defendant advertised these contests in the newspapers published in Oklahoma City. That the contest between Story and Young Fitzsimmons was what was known as a "preliminary," and the contest between Jackson and Puryear was what was known as the "main bout."

That these contests were conducted under rules providing for certain length rounds and intermissions between each; that there was a referee and seconds and assistants for each principal, and an official timekeeper, and that the participants used gloves of six or eight ounces in weight; that the contests usually lasted from 6 to 10 rounds each.

That in the contest between "Young Fitzsimmons" and Story, Story was hit by Fitzsimmons, and fell against the ropes, and the referee caught Story around the shoulders and arms, and picked him up and declared the bout at an end.

That under the rules, neither participant was counted out. That Young Fitzsimmons was known as a boxer, and traveled from place to place as such. That the principals trained for the bouts most of the time. That there was no display of intentional brutality between the principals. That there was no chance for a participant to be hurt with an eight ounce glove if he was reasonably matched against his opponent. That he could be knocked down, but not hurt.

*C. D. Bennet,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. (after stating the facts as above). This is an appeal from the county court of Oklahoma county, wherein defendant was convicted of the offense of instigating and promoting a ring or prize fight, and his punishment assessed at a fine of $100.

The prosecution is based upon section 2567, Revised Laws 1910, which provides:

"Any person who engages in, instigates, encourages or promotes any ring or prize fight or any other premeditated fight or contention, whether as principal, aid, second, umpire, surgeon or otherwise, although no death or personal injury ensues, is guilty of a misdemeanor."

The charging part of the information is as follows:
"That on the 15th day of May, 1917, in Oklahoma county, state of Oklahoma, Sammy Sampson, whose more full and correct name is to your informant unknown, then and there being, did, then and there willfully and unlawfully instigate and promote a ring fight in those premises described as the old India Temple Building, at the corner of North Broadway and Second streets,

in Oklahoma City, which ring fight aforesaid was engaged in by and between Nate Jackson and Earl Puryear and Young Fitzsimmons and Tom Story, each with the other, by forcibly and violently beating, striking, and fighting each other, upon and in a ring therein located and provided, said ring fight being so had and held in the presence of a large number of spectators and in the presence of the said defendant, Sammy Sampson, the said defendant so instigating, encouraging, and promoting said ring and prize fight by then and there providing the place wherein the same was held, the ring and platform whereon the same was had, and by advertising and giving publicity to the same, and by inviting numerous and divers persons thereto, and by furnishing seating accommodations thereat therefor, and by receiving and collecting fees for admission from those in attendance thereon, and by contracting with the said Nat Jackson and Earl Puryear and Young Fitzsimmons and Tom Story, as the participants therein, to engage in said ring, and offering to and agreeing to pay to said Nate Jackson and Earl Puryear and Young Fitzsimmons and Tom Story, the participants in said ring fight, certain sums of money, prizes, and rewards, the amount and kind thereof being to your informant unknown. * * *"

It is first contended that the evidence is wholly insufficient to sustain the conviction, and that the trial court erred in refusing to direct the jury to return a verdict of not guilty.

In this connection, counsel for defendant urge that the evidence in this case does not tend to establish that defendant committed the crime of instigating and promoting a "ring or prize fight," but that, if it tends to establish anything, it shows merely that defendant instigated and promoted, between the alleged principals, merely boxing contests, which were not prohibited by the foregoing statute.

During the progress of the trial, certain witnesses who attended the particular exhibitions were permitted to express opinions that such exhibitions were not prize fights in the technical sense, for the reason that the same were fought with heavily padded gloves, were not fought to a finish, and there was no evident intention on the part of either of the principals to inflict serious injury upon the other.

In determining the question of the sufficiency of this evidence, the court is called upon necessarily to determine the nature of the contests intended to be prohibited by the lawmakers under the designation "ring or prize fights, or any other premeditated fight or contention."

In our opinion, a "ring or prize fight" had a well-defined meaning at the time of the adoption of the statute, and that it was the intention of the lawmakers to prohibit the instigation and promotion of such contests as they were generally understood by the public at large, and not in the technical sense contended for by counsel for appellant.

Webster defines a prize fight to mean, "an exhibition contest of pugilists for a stake or reward;" and the Century Dictionary defines the same term, as, "a pugilistic encounter or a boxing match for a prize or wager." See *Sevill v. State,* 49 Ohio St. 117, 30 N. E. 621, 15 L. R. A. 516; *People v. Taylor,* 96 Mich. 576, 56 N. W. 21, 21 L. R. A. 287; *Com. v. Barrett,* 108 Mass. 302; *State v. Patten,* 159 Ind. 248, 64 N. E. 650.

In *Commonwealth v. McGovern,* 116 Ky. 212, 75 S. W. 261, 66 L. R. A. 280, it is held:

"The fact that the reward is to be equally divided

between the combatants in a prize fight does not legalize the transaction."

Also:

"The use of gloves by combatants in a prize fight will not make the contest any less a violation of the statute."

Under the evidence in this case, these contests were for a reward or prize; they were fought in an ordinary inclosed ring; they were widely advertised and promoted for moneymaking purposes. In addition to these elements, there was other evidence also sufficient, in our opinion, to authorize the court to submit the question to the jury of whether or not the participants were fighting within the meaning of that word as commonly understood. The trial court instructed the jury, at the request of defendant, that it was not against the law "for any person to engage in a boxing exhibition, or to engage in or encourage a scientific boxing contest." The jury found against the defendant on the issue thus presented.

We do not think it the province of this court in this case to engage in a lengthy theoretical discussion of the question of when a boxing contest ends and a prize fight begins. All prize fights are necessarily boxing contests. Clearly under this evidence defendant was engaged in promoting an unlawful enterprise under all the rules and indicia of ring or prize fights and it is exclusively within the lawmaking power, if it sees fit, to authorize scientific public boxing exhibitions under proper rules and regulations; but the popular demand for such exhibitions should be expressed in regulatory laws therefor, and defendant should not assume to supply such a demand upon his own initiative, and not at all unless the lawmaking power specifically authorizes it.

It is also contended that the trial court erred in refusing to give requested instruction No. 2, which is as follows:

"And in this case, the only allegation being that defendant instigated a prize fight or ring fight, you are instructed that if the state has not shown that a fight was had, your verdict shall be for defendant."

The instruction requested did not in any way attempt to define the term "fight", and was no more enlightening on this subject than the instruction given, which required the state to prove all the material allegations of the offense of prize fighting beyond a reasonable doubt before the defendant should be convicted. However, the evidence of the defendant himself, under the view taken by the court of the law of this case, is not sufficient to exonerate him of guilt of the offense. Under defendant's own testimony, he was guilty of the offense charged.

Section 6005, Revised Laws 1910, provides, among other things, that this court shall not reverse a judgment of conviction because of the misdirection of the jury, unless after an examination of the entire record it is apparent that the trial resulted in a miscarriage of justice, or that defendant was deprived of some constitutional or statutory right.

Discovering no prejudicial error in the record, the judgment is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.