## BARKER *v.* STATE OF INDIANA.

[No. 24,620.   Filed February 25, 1925.]

1. INDICTMENT.—*Motion to Quash.—Challenge to Sufficiency of Whole Affidavit.*—A motion to quash which challenges the sufficiency of the affidavit as a whole is properly overruled where there is no suggestion that four of the six counts are defective, since one good count is sufficient to withstand a general motion to quash the affidavit as a whole.   p. 648.

2. CRIMINAL LAW.—*Verdict.—Acquittal of Charges not Covered by Punishment.*—Upon a prosecution for six different violations of the prohibition law, some of them felonies to which the appellant objects as insufficiently charged, a verdict assessing a thirty-day imprisonment at the State Farm amounts to an acquittal of the felonies and the appellant's rights are not prejudiced.   p. 648.

3. CRIMINAL LAW.—*Arrest of Judgment.—Challenge to Affidavit as a Whole.*—A motion in arrest of judgment which challenges the sufficiency of the facts stated in the affidavit as a whole to constitute a cause of action is properly overruled when it sufficiently charges one or more misdemeanors.   p. 648.

4. CRIMINAL LAW.—*New Trial.—Right Waived by Motion in Arrest of Judgment.*—A motion in arrest of judgment cuts off the right to afterward file a motion for new trial.   p. 649.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Irving Barker wos convicted of violations of the prohibition law, and he appeals.   *Affirmed.*

*Thomas E. Garvin,* for appellant.

*U. S. Lesh,* Attorney-General, and *Owen S. Boling,* for the State.

EWBANK, J.—Appellant was prosecuted upon an affidavit in six counts, all of which purported to charge that on February 9, 1923, he had offended against the prohibition laws of the state, each count undertaking to charge a different offense.   A motion in general terms "to quash the affidavit filed herein against him for the following reasons," setting out certain alleged objections to the sufficiency of the different counts, was overruled and the defendant (appellant) excepted.

The jury returned a general verdict, on June 4, 1923, finding the defendant "guilty as charged in the affidavit in this case, and that he be fined $500 and  *   *   * imprisoned in the Indiana State Farm 30 days." On the same day defendant filed a motion asking "that the judgment be arrested on the following grounds, to wit," specifying that the facts stated in each count of the affidavit did not constitute a public offense. This motion was overruled and defendant excepted. Almost a month later, on July 3, he filed a motion for a new trial, which was overruled and he excepted. This appeal is from a judgment upon the verdict. The motion to quash challenged the sufficiency of the affidavit as a whole, and since counsel do not even suggest

1. that four of the counts were defective in any respect, and obviously they were sufficient, the court did not err in overruling the motion. One good count is sufficient to withstand a general motion to quash the affidavit as a whole, however defective the other counts may be. *Ledgerwood* v. *State* (1893), 134 Ind. 81, 83, 33 N. E. 631; *Bryant* v. *State* (1886), 106 Ind. 549, 550, 7 N. E. 217.

The verdict fixing the penalty at a fine and imprisonment for thirty days at the Indiana State Farm amounted to an acquittal of appellant of the fel-

2. onies attempted to be charged in the counts which counsel say were defective, thereby affirmatively showing that his substantial rights were not prejudiced even if the ruling had been erroneous.

The motion in arrest of judgment challenged the sufficiency of the facts stated in the indictment as a whole to constitute a cause of action, and since it did

3. sufficiently charge the commission, not only of one, but of several misdemeanors, no error was committed in overruling it. *Bass* v. *State* (1918), 188 Ind. 21, 23, 120 N. E. 657; *Bottorff* v. *Bottorff* (1921),

190 Ind. 90, 92, 129 N. E. 478; §2159 Burns 1914, §283, ch. 169, Acts 1905 p. 584.

Filing a motion in arrest of judgment cuts off the right afterward to make a motion for a new trial unless for reasons that did not exist at the time

4. the motion in arrest was filed, and no questions are presented by appellant's motion for a new trial filed nearly a month after the motion in arrest had been made and ruled on. *Page* v. *State* (1923), 193 Ind. 442, 139 N. E. 143, 145; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405, 407; *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117; *Turner* v. *State* (1910), 175 Ind. 1, 3, 93 N. E. 225.

The judgment is affirmed.