### SHINE *v.* STATE OF INDIANA.

[No. 24,665.   Filed June 26, 1925.   Rehearing denied November 17, 1925.]

1. INTOXICATING LIQUORS.—*Affidavit charging manufacture of intoxicating liquor held sufficient.*—An affidavit charging that, at a named time and place, the defendant did "unlawfully manufacture intoxicating liquor" was sufficient, and the charge was not rendered insufficient by the further allegation that the liquor manufactured was "beer."   p. 687.

2. CRIMINAL LAW.—*Rule for determining on appeal whether evidence was sufficient to sustain conviction stated.*—The rule for determining on appeal whether the evidence was sufficient is for the appellate tribunal to accept as true all evidence and all inferences from the facts of which there was evidence which tend to prove what the jury found by its verdict and to reject as lacking credibility all that tends to prove the contrary.   p. 688.

3. INTOXICATING LIQUORS.—*Evidence held to sustain conviction for unlawfully manufacturing intoxicating liquor.*—Evidence *held* to sustain conviction for unlawfully manufacturing intoxicating liquor.   p. 688.

4. INTOXICATING LIQUORS.—*Courts do not have judicial knowledge that "beer" made from hops without any alcohol in it would develop alcoholic content of 2.8 per cent. by being poured into a tightly corked jug and left to stand for several months.*—The Supreme Court does not have judicial knowledge that "beer" made from hops that had no alcohol in it would develop an alcoholic content of 2.8 per cent. by being poured into a tightly corked jug and left to stand for several months. p. 688.

From Hancock Circuit Court; *Jonas P. Walker,* Judge.

Elizabeth Shine was convicted of manufacturing intoxicating liquor, and she appeals. *Affirmed.*

*Fred R. Bonifield* and *O. S. Boling,* for appellant.
*U. S. Lesh,* Attorney-General, for the State.

EWBANK, J.—Appellant was charged by affidavit with unlawfully manufacturing intoxicating liquor and was found guilty. The assignment of errors presents for review the overruling of her motions to quash the affidavit and for a new trial, respectively.

The affidavit charged that on a day in April, 1922, at Hancock county, Indiana, appellant "did then and there unlawfully manufacture intoxicating liquor, to wit, 49 quarts of beer, 4 pints of beer and one 12 gallon jar of beer, contrary," etc. A criminal offense was sufficiently charged by the allegation, in the language of the statute, that the defendant at the time and place named "did then and there unlawfully manufacture intoxicating liquor." *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407. And the charge that the liquor was intoxicating was not negatived by the allegation that it was "beer." *Turner* v. *State* (1910), 175 Ind. 1, 93 N. E. 225; *Welsh* v. *State* (1890), 126 Ind. 71, 25 N. E. 883, 9 L. R. A. 664. It was not error to overrule the motion to quash.

The motion for a new trial was based on the specification that the verdict is not sustained by sufficient evi-

dence. The rule by which the sufficiency of the
2-4. evidence must be determined in this court is to
accept as true all the evidence and all inferences
from the facts of which there is evidence which tend
to prove what the jury found by its verdict, and to re-
ject as lacking credibility all that tends to prove the
contrary. There was evidence that certain officers,
with a search warrant, went to appellant's home, in
Hancock county, Indiana, and there found forty-eight
quart bottles of beer and four pint bottles of beer, all
capped, ten or twelve gallons of beer in a large jar, a
capping machine, and a lot of empty bottles; that the
liquid in the jar had foam all over it that stood up above
the top of the jar three or four inches, and looked like
beer and smelled like beer; that when taken to the jail
some of the bottles blew up, making a noise like a shot
gun, and had the odor of beer—the odor of hops or
something; that some of the bottles that did not burst
were afterward emptied into a jug that was kept
corked, and that about seven months after the liquid
was seized, part of the contents of the jug was ana-
lyzed, and was found to contain two and eight-tenths
per cent. of alcohol by volume; that, in the opinion of
the witness who made the analysis, the liquor would
have a less proportion of alcohol after having been
poured out into the jug and left to stand for so long
a time than when it was in the capped bottles; and that,
on being asked by the officers who made the stuff, ap-
pellant said that she made it, and that she alone was
responsible. Appellant did not testify, but offered some
evidence by her daughter and some obtained by cross-
examination of the witnesses for the state, tending to
show that she had made the "beer" from a preparation
called "maltade" obtained by the daughter from a drug
store, and that the liquid, when analyzed, had become
stale and sour. But nothing was shown or attempted

to be shown as to the composition of the "maltade" preparation, and this court does not have judicial knowledge, as against the testimony of the witness for the state, that "beer" made from hops, that had no alcohol in it, would develop two and eight-tenths per cent. by being poured into a tightly corked jug and left to stand. Tested by the rule mentioned above, the evidence was sufficient to prove appellant's guilt of the offense charged.

The judgment is affirmed.