## SIMPSON v. STATE OF INDIANA.

[No. 24,781. Filed October 6, 1925. Rehearing denied December 11, 1925.]

1. CRIMINAL LAW.—*All crimes are defined and punishment therefor fixed by statute.*—In this state, all crimes are defined and the punishment therefor fixed by statute (§2400 Burns 1926, §237 Burns 1914, §237 R. S. 1881). p. 78.

2. CRIMINAL LAW.—*When a crime is not well defined, courts may look to common law for definition.*—When a crime is not well defined, the courts may refer to the common law for a definition. p. 78.

3. CRIMINAL LAW.—*A felony may be defined without using word "feloniously," or implying that felonious intent is essential element of the crime.*—A criminal offense may be declared a felony although the statute defining the offense does not use the word "feloniously" nor imply that the act prohibited must be done with felonious intent in order to be criminal. p. 78.

4. INDICTMENT.—*Affidavit charging felonious transportation of intoxicating liquor sufficient without using word "feloniously."*—An indictment or affidavit charging the unlawful transportation of intoxicating liquor under Acts 1923 p. 108 was not insufficient because it did not use the word "feloniously" in describing the offense (*Sovine* v. *State,* 85 Ind. 576, distinguished). p. 78.

5. CRIMINAL LAW.—*Formerly, motion for new trial could not be filed after motion in arrest of judgment, except for causes not known at time of filing motion in arrest.*—Under the rule of practice prior to 1925 (Acts 1925 p. 490), a motion for a new trial could not be filed after a motion in arrest of judgment for causes known to exist at the time of filing the motion in arrest. p. 79.

From Fountain Circuit Court; *O. B. Ratcliff,* Judge.

Jesse Simpson was convicted of unlawfully transporting intoxicating liquor, and he appeals. *Affirmed.*

*P. B. O'Neill, Ralph Daly* and *Samuel E. Johnson,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, in the court below, was convicted of the charge of having, on or about March 3, 1924, unlawfully transported intoxicating liquor in an automobile. Acts 1923 p. 108, §1. He seeks a reversal of the judgment rendered against him for alleged errors of the court in overruling his motion to quash the affidavit, and in overruling his motion for a new trial.

Appellant, in support of his motion to quash, makes the point that the offense is not described with sufficient certainty, in that it fails to charge a felonious transportation. He relies largely upon the case of *Sovine* v. *State* (1882), 85 Ind. 576. In that case, grand larceny was the charge. The opinion of the court, p. 578, quotes from 1 Chitty, Crim. Law 242, the statement " 'and "feloniously" must be introduced in every indictment for felony.' " With this quotation as a text, appellant earnestly insists that, as the affidavit at bar omits the word "feloniously" in describing the offense intended to be charged, it was insufficient for any purpose, and therefore subject to a motion to quash. It must be kept in mind that the quoted statement from Mr. Chitty's treatise on criminal law pertained to the general principles, rules and practice affecting the structure of an indictment at common law, and that this court, in reviewing the Sovine case, had before it a statute making felonious intent an essential element of the offense.

In this state, all crimes and misdemeanors are presumed to be defined and punishment therefor fixed by statute. §2400 Burns 1926, §237 Burns 1914, (§237 R. S. 1881). But, in case a crime is thus created and not well defined, the courts may

1-4.

refer to the common law for a definition. *State* v. *Patton* (1902), 159 Ind. 248, 251, 64 N. E. 850; *Glover* v. *State* (1913), 179 Ind. 459, 101 N. E. 629; *State* v. *Dailey* (1922), 191 Ind. 678, 134 N. E. 481. However, in the instant case, the alleged offense was created, adequately defined, and the punishment fixed by statute which "does not use the word 'feloniously' in defining the offense forbidden, nor necessarily imply that the act prohibited must be done with felonious intent in order to be criminal." *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747. The wording of the affidavit describing the alleged offense is substantially in the language of the statute preceded by the word "unlawfully." Affidavits of the same import as the one at bar have been held sufficient to withstand a motion to quash. *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141; *Simpson* v. *State, supra; Kistler* v. *State* (1921), 190 Ind. 149, 129 N. E. 625.

It affirmatively appears from the record that on May 14, 1924, the jury, in open court, returned its verdict. On June 6, 1924, appellant moved the court to arrest the judgment, which motion the court then overruled. Thereupon, appellant filed his motion for a new trial, which, on June 28, 1924, was overruled and judgment rendered on the verdict. The well-settled practice in this state forbids our consideration of any question presented by this motion, for it will be observed that the motion in arrest was filed and disposition thereof had prior to the filing of the motion for a new trial for causes clearly known to exist at the time of filing the motion in arrest. Under such circumstances, appellant had no right to file the latter motion. *Page* v. *State* (1923), 193 Ind. 442, 139 N. E. 143; *Barker* v. *State* (1925), 195 Ind. 647, 146 N. E. 745, and cases there cited.

Judgment affirmed.