McCoy *v.* State of Indiana.

[No. 26,675. Filed November 17, 1936. Rehearing denied February 1, 1937.]

*Kissinger & Kissinger* and *Arthur Law,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *James D. Sturgis,* Deputy Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

Tremain, J.—The appellant was charged by affidavit with failure to support his parents under Section 10-1410 Burns' Ind. St. 1933, section 2893 Baldwin's 1934. He was tried by a jury and convicted. Judgment

was rendered upon the verdict. The only assignment of error not waived is the overruling of appellant's motion for a new trial.

The appellant objects to instruction No. 3 given by the court of its own motion as follows:

> "The defendant enters upon the trial of this cause clothed in the presumption of innocence, and that presumption follows him step by step throughout the trial, and he cannot be convicted of any offense unless and until that presumption be overcome and overthrown by evidence sufficient to satisfy the jury of his guilt as charged beyond a reasonable doubt."

Appellant's objection is that this instruction does not tell the jury that the presumption of innocence, by which the law clothes the defendant, continues to the end of the trial. The instruction is not erroneous in this particular. It tells the jury that the presumption of innocence "follows him step by step throughout the trial." In addition, the court gave other instructions to the effect that the defendant is presumed to be innocent until proved guilty beyond a reasonable doubt, including the defendant's tendered instructions Nos. 2 and 10, upon the subjects of presumption of innocence and reasonable doubt.

The court refused to give defendant's tendered instruction No. 5, to which he objects. It is a repetition of other instructions given upon the question of presumption of innocence, which fully cover No. 5 and state the law correctly as applicable to the case.

Lastly, appellant contends that the verdict is not sustained by sufficient evidence. There is not a total failure of proof upon any material question. The testimony is conflicting as to the physical and financial ability of the parents to support themselves and as to appellant's financial ability to care for his

parents, with whom he lived. Appellant is of full age and unmarried. The jury heard the evidence and observed the manner and conduct of the witnesses. Under a well established rule this court cannot weigh the evidence.

Appellant has waived the question as to the sufficiency of the affidavit by failure to present or discuss it under his propositions and authorities. Finding no reversible error in the record, the judgment is affirmed.