## RITTER *v.* STATE OF INDIANA

[No. 28,142.   Filed July 1, 1946.   Rehearing denied September 23, 1946.]

*Oscar B. Thiel* and *Herman L. Key,* both of Gary, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

O'MALLEY, J.—The appellant was convicted of rape in the Lake Criminal Court under § 10-4201, Burns' 1942 Replacement.

The sufficiency of the evidence to sustain the decision of the lower court is the only question presented. The evidence is conflicting, some witnesses testifying that the act of the appellant was committed against the will of the prosecuting witness and with force, and some that the act was committed with the acquiescence and assistance of the complaining girl.

We have been requested to determine as a matter of law that the act complained of could not be consummated under the conditions existing. That we are unwilling to do. It is sufficient if a woman, in good faith, uses reasonable resistance. The authorities do not hold that she must use all the physical force of which she is capable. The amount and extent of the resistance necessary to show that the act was committed against her will presents a question of fact. *Rahke* v. *State* (1907), 168 Ind. 615, 623, 81 N. E. 584, 587.

In this court we examine the evidence to ascertain whether or not there was evidence from which the court could determine that the act of which complaint was made was committed by force and against the will of the prosecuting witness. Under the evidence different courts might reach different conclusions. However, the weight of the evidence, the credibility of the witnesses and the ultimate guilt or innocence of the appellant, presented a question for the determination of the trial court. There was evidence from which the court could find that the appellant was guilty of the

crime charged in the affidavit, therefore we should not consider evidence to the contrary. *Fiedler* v. *State* (1939), 215 Ind. 53, 18 N. E. (2d) 384.

No reversible error has been shown, and the judgment of the trial court is affirmed.

NOTE.—Reported in 67 N. E. (2d) 530.