### SHEPHARD *v.* STATE OF INDIANA

[No. 28,141. Filed July 1, 1946.]

*Oscar B. Thiel* and *Herman L. Key,* both of Gary, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

O'MALLEY, J.—This appellant was charged with rape under § 10-4201, Burns' 1942 Replacement.

The intercourse charged in the affidavit was admitted and described by both of the participants. Both testified that there was consent to the act. However, the prosecuting witness claimed that consent was given because it was hoped that appellant would prevent the ravishment of her younger sister, after his own desires were satisfied.

To sustain the charge under the statute it was incumbent on the State to prove beyond a reasonable doubt that the act was against the will of the female participant. There was no fraud, trick, or deceit, and while it is claimed that the consent was given to protect the sister, both acts were being committed at the same time in different seats of an automobile.

The facts show at most a broken promise to prevent the other act, without any showing of opportunity or ability on the part of the appellant to prevent the commission of rape on the younger sister.

We realize that the resistance necessary in each particular case must be dependent upon the surrounding circumstances. *Eberhart* v. *The State* (1893), 134 Ind. 651, 34 N. E. 637 and cases cited. We also understand that it is impossible to make a rule applicable to all cases of this type which necessarily require proof of reasonable resistance. See Underhill's Criminal Evidence (4th ed.), § 675. However, no authority has been cited in support of the proposition that the facts in this case are sufficient to prove that the act was against the will of the female participant. Furthermore, our efforts to find support for such proposition have been unavailing. It seems to us that the evidence does not permit the conclusion that it was against the will of the female. It is therefore insufficient to sustain the decision.

The judgment is reversed with instructions to the lower court to sustain the motion for a new trial.

NOTE.—Reported in 67 N. E. (2d) 534.