THOMAS ET AL. V. STATE OF INDIANA

[No. 28,475. Filed February 8, 1949.]

*Byron E. Guse* and *Frank J. Lanigan,* both of La-Porte, for appellants.

*J. Emmett McManamon,* Attorney General, *Frank E. Coughlin,* Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

JASPER, J.—The appellants were convicted of rape in the Marshall Circuit Court, under § 10-4201, Burns' 1942 Replacement.

The only errors assigned were:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

The appellant, Herman Gerald McCan, dismissed his appeal.

The sufficiency of the evidence to sustain the decision of the lower court is the only question presented.

The evidence most favorable to the appellee was substantially as follows:

The act was consummated and the prosecuting witness did not consent to it; she slapped and scratched the appellant's face; force was used by the appellant, and the prosecuting witness was "dumped" by appellant and McCan into the back seat of the automobile, while her hands and feet were held, where the act complained of took place; the appellant twisted and bent back the prosecuting witness' hands and arm; upon complaint by her that the appellant was hurting her neck, he stated "that he did not care if he broke my damned neck"; the appellant's ear was bitten by the prosecuting witness at some time during the struggle; she was forced into a reclining position; the prosecuting witness tried to get out of the car, but each time her hands were grabbed and held; the prosecuting witness was not let out at her home, and, when appellant said, "I'll be seeing you," the prosecuting witness said, "Not if I see you first"; at 6:20 a.m. of the morning that the prosecuting witness arrived home, she complained to her mother and father, and, later, in the presence of her father, to the police and the prosecuting attorney.

This evidence was ample to support the verdict. In *Ritter* v. *State* (1946), 224 Ind. 426, 427, 428, 67 N. E. 2d 530, the court said:

"In this court we examine the evidence to ascertain whether or not there was evidence from which the court could determine that the act of which

complaint was made was committed by force and against the will of the prosecuting witness. Under the evidence different courts might reach different conclusions. However, the weight of the evidence, the credibility of the witnesses and the ultimate guilt or innocence of the appellant, presented a question for the determination of the trial court. There was evidence from which the court could find that the appellant was guilty of the crime charged in the affidavit, therefore we should not consider evidence to the contrary. *Fiedler* v. *State* (1939), 215 Ind. 53, 18 N. E. 2d 384." *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *McCoy* v. *State* (1937), 211 Ind. 109, 4 N. E. 2d 535; *Dowty* v. *State* (1932), 203 Ind. 228, 179 N. E. 720; *Tosser* v. *State* (1928), 200 Ind. 156, 162 N. E. 49; *Shine* v. *State* (1925), 196 Ind. 686, 688, 148 N. E. 411.

It is sufficient if a woman in good faith uses reasonable resistance. *Anderson* v. *State* (1886), 104 Ind. 467, 4 N. E. 63. The authorities do not hold that she must use all of the physical force of which she is capable. *State* v. *Ritter, supra; Rahke* v. *State* (1907), 168 Ind. 615, 81 N. E. 584.

The amount and extent of resistance necessary to show that the act was committed against the prosecuting witness will present a question of fact for the jury. *Anderson* v. *State, supra; Rahke* v. *State, supra; Ritter* v. *State, supra.*

The appellant raises some question as to the necessity for corroborating the testimony of the prosecuting witness. It was held in *Abshire* v. *State* (1927), 199 Ind. 474, 477, 158 N. E. 227, 228, that:

"In this state there is no statute requiring the complaining party, where the defendant is being prosecuted for the crime of rape, to be corroborated, and any evidence that is sufficient to con-

vince the jury or court, if tried without a jury, beyond a reasonable doubt of defendant's guilt is sufficient. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 129."

Appellant, in his propositions and points, lays stress upon the fact that there was no proof that the prosecuting witness made an outcry, or that her clothes were soiled, and of her failure to make immediate complaint, and that the appellant had taken the prosecuting witness home, and of prior relations, which consisted only of the appellant taking the prosecuting witness home one night, and having one date with her. These are questions of fact for the jury, going to the credibility and consent of the prosecuting witness.

We find no error for which the judgment should be reversed.

Judgment affirmed.

NOTE.—Reported in 83 N. E. 2d 788.