EDDIE LEE SPAULDING *v*. STATE OF INDIANA.

[No. 1076S359. Filed March 9, 1978.]

*Richard M. Orr,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged by way of information with the commission of a felony while armed, to-wit: rape. He was tried by a jury, found guilty and sentenced to the Indiana Department of Corrections for a period of twenty (20) years. He presents the following issues on appeal:

(1) Whether the trial court committed reversible error in refusing to give defendant's tendered instruction No. 2 which related to the degree of resistance required of a woman to render sexual intercourse a rape.

(2) Whether the trial court committed reversible error in giving State's tendered instruction No. 1 regarding evidence of flight by an accused.

(3) Whether the trial court committed reversible error in allowing certain testimony to be admitted over objection by the defendant that it was outside the scope of the State's response to a discovery order.

(4) Whether the verdict was supported by sufficient evidence.

## ISSUE I

At the close of evidence the defendant tendered his instruction No. 2 to the court, the refusal of which he now alleges as error. The instruction stated:

> "The rape victim must resist to a degree which would indicate the act was against her will.
>
> "However, the resistance necessary to be used by a woman allegedly raped to prevent the sexual act need not be the use of all the physical force of which she is capable, but it is sufficient if she, in good faith, uses reasonable resistance."

Although the defendant correctly contends that the State must establish that the act was done against the will of the

victim, *Shephard* v. *State,* (1946) 224 Ind. 356, 67 N.E. 2d 534, he incorrectly states the law as to the evidence required to prove this element. Defendant's tendered instruction might imply that the victim must use some manner of physical force to resist the attacker in order for the act to have been done against the victim's will. As was stated in *Beard* v. *State,* (1975) 262 Ind. 643, 323 N.E. 2d 216 at p. 647, "physical resistance is not required where prevented or averted by threats and fear." In the instant case, there was evidence presented indicating that the attacker was armed with a sawed-off shutgun which he used to threaten the victim. Regardless of whether or not the tendered instruction was a correct statement it was not error to refuse it, because the subject matter was adequately covered by instructions Nos. 32 and 33 given at the close of the evidence. It is a well settled rule that an instruction may be properly refused if the subject matter is covered in other instructions given by the court. *Hash* v. *State,* (1972) 258 Ind. 692, 284 N.E. 2d 770. We do not agree with Defendant's statement that the instructions given upon the subject were "vague and rambling."

## ISSUE II

Ind. R. Ap. P. 8.3 requires an appellant predicating error upon the giving of an instruction, to set out in the argument section of his brief the verbatim objection made thereto, as well as the verbatim instruction. Defendant has failed to comply with this rule, and the error, if any, is deemed waived.

## ISSUE III

During the course of the State's case-in-chief, Detective Trina was called to testify as to certain facts surrounding the investigation of the alleged crime. He testified generally as to his training in various sections of the department and more specifically as to his duties in the Identification Division which included lifting latent fingerprints from various sur-

faces. On being asked what would be one of the worst surfaces from which to lift a fingerprint, defense counsel objected on the grounds that the State was attempting to qualify Detective Trina as an expert witness in fingerprint identification. The defendant's objection was overruled and Detective Trina answered as follows:

"A. The worst kind of surface would be a highly porous material, like metal, or something that has a large amount of grease on it, dirt or moisture of any kind. A latent fingerprint would not adhere to it. I wouldn't be possible to pick it up.

"Q. What was the weather like that evening of twelve February, 1976?

"A. It was kind of a, we had just recently, sir, if I may, had a severe ice storm, and it was kind of a general thaw situation. There was quite a bit of moisture in the air."

The defendant contends that such testimony was inadmissible since the State's response to the defendant's Motion for Discovery did not encompass this testimony. In his motion for discovery which was granted by the court, the defendant requested that the State furnish the defendant with a list of the names and addresses of all of the State's witnesses, as well as the nature of the testimony which was expected from each. The State responded in the following manner as to the policemen who would be called to testify:

"DETECTIVE LLOYD TRINA, and OFFICERS RITORTO, BROWN, SMILEY, and MILLER—may each testify as to what their investigations of the incidents underlying the charge have shown."

The defendant contends that the State violated the rules of discovery as set out in *Antrobus* v. *State,* (1970) 253 Ind. 420, 254 N.E. 2d 873, by questioning the witness as to why there were no fingerprints obtained on the evening in question. On the contrary, the State fully complied with *Antrobus* by providing a complete list of the witnesses which were intended to be called. The only real question presented is whether the

State complied with the second part of the order as to stating the nature of the testimony involved.

In reviewing the testimony elicited from Detective Trina, it appears that it fits within the scope of the State's response to the discovery order. The response was sufficient to inform the defendant and avert his being ambushed. Further the testimony to which objection was made cannot be seen as substantially adding to the weight of the State's case, and absent a showing that the defendant was prejudiced by its admission, there can be no reversal. *Bobbitt* v. *State,* (1977) 266 Ind. 164, 361 N.E.2d 1193; *Roberts* v. *State,* (1977) 266 Ind. 72, 360 N.E.2d 825; *Hester* v. *State,* (1974) 262 Ind. 284, 315 N.E.2d 351.

## ISSUE IV

The defendant next contends that the verdict was not supported by the evidence in that there was an insufficient showing by the State that the defendant forced the prosecuting witness to have sexual intercourse with him against her will. He contends that there was no evidence that the alleged victim used any resistance.

As was stated by this Court in *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831, at p. 834:

"When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed."

This Court will not judge the credibility of the witnesses or reweigh the evidence on review. *Robinson* v. *State,* (1977) 266 Ind. 604, 365 N.E.2d 1218.

The evidence as viewed in the light most favorable to the State indicates that the defendant approached the victim and

her friend from behind, carrying a sawed-off shotgun. He threatened to kill the victim when she tried to get away and told both girls that he was going to rape one of them and kill the other. He took the girls to a nearby car where he ordered the victim to get into the back seat and pull down her pants. He told the other girl to get into the front seat, stating that he would kill her if she turned around. When the act of rape was completed, the defendant ordered both girls out of the car and fired the shotgun into the air.

It has previously been stated that the uncorroborated testimony of a rape victim is sufficient evidence in itself to support a conviction. *Dixon* v. *State,* (1976) 264 Ind. 651, 348 N.E.2d 401. In the instant case the testimony of the victim as to the above facts was corroborated by the testimony of her friend who was present at the time of the rape. Their testimony together is clearly sufficient evidence for the jury to have found beyond a reasonable doubt that the victim was placed in fear of her life and that the act was done against her will.

"There is no requirement that a woman scream or physically resist, when by such an act she may very well anger or frustrate her assailant and thereby endanger her life further." *Dixon* v. *State, supra* at 405. The amount and the extent of resistance necessary to show that the act was committed against her will was a question of fact for the jury, to be determined based upon all of the surrounding circumstances. *Ritter* v. *State,* (1946) 224 Ind. 426, 67 N.E.2d 530.

No reversible error having been shown by the defendant, the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ, concur.

NOTE.—Reported at 373 N.E.2d 165.