JEROME RONY LEWIS *v.* STATE OF INDIANA

[No. 378S54. Filed December 20, 1978.]

*John F. Surbeck, Jr.*, Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak*, Attorney General, *Terry G. Duga*, Deputy Attorney General, for appellee.

GIVAN, C.J. — Appellant was convicted of armed robbery and was sentenced to 20 years imprisonment. The sole issue on appeal is the sufficiency of the evidence identifying appellant as one of the two assailants.

On the morning of April 29, 1977, Judith Thomas and Betty Newhaus were working at the American Linen Service in Fort Wayne when a man came in and asked for an employment application. Thomas gave him an application to complete. About the same time, appellant came in the back door with a small handgun and pulled Newhaus from her chair. Appellant held the gun to her head and led her to the front office where Thomas and the purported applicant were located. The two men demanded money. They took a money bag from the safe and also the billfolds from the two women's purses. The women and a third employee of the company were then ordered to the floor, after which the assailants fled. An audit revealed that $102.52 had been taken in the robbery.

Both women later selected appellant's picture from a large stack of photographs which they examined at the police station. They did not confer with each other when making these identifications. Both then identified appellant on May 12, 1977, in a misdemeanor court in Fort Wayne as the gunman in the robbery.

It is well established that on appeal this Court will neither weigh evidence nor determine the credibility of witnesses. So long as there is substantial evidence of probative value in the record from which the jury could have inferred that the appellant was guilty, the conviction will not be set aside. *Spaulding v. State*, (1978) 268 Ind. 23, 373 N.E.2d 165. As to identification of the appellant, the competent testimony of a single eyewitness is sufficient to support a verdict of guilty. *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859.

In the case at bar, one witness testified that she had a good look at the appellant during the robbery when he removed a covering from his face. Both women testified they had no doubt whatsoever that appellant was the assailant with the gun. This testimony, coupled with the positive identifications made by the two victims from photographs at police headquarters and the in-court identification within two weeks of the incident, is substantial evidence of probative value on the issue of identification. Although there are a few minor

discrepancies in the description each woman gave, they are not sufficient to cast a serious doubt on their testimony. It would be rare indeed if two frightened persons held at gunpoint were to testify as to the same minute details of an assailant's appearance without some small differences in their recollections.

The evidence of identification is sufficient to support the verdict. The judgment of the trial court is therefore affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 65.