James Norman BALLARD and Christopher Paul Vickers, Appellants,

v.

STATE of Indiana, Appellee.

No. 578S94.

Supreme Court of Indiana.

Feb. 16, 1979.

David N. Gilyan, Merrillville, for appellants.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellants were found guilty of rape, kidnaping, commission of a felony while armed and robbery. They were sentenced to a term of twenty-one years for rape, fifteen years for the commission of a felony while armed and to a life term for kidnaping. The trial court did not impose a sentence for the robbery conviction, finding robbery to be a lesser included offense in the commission of a felony while armed.

Appellants' sole allegation on appeal is that there was insufficient evidence to sustain their convictions. This Court will consider only the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom and will affirm the conviction when there is substantial evidence of probative value on each element of the crime charged. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

The evidence in this case shows that the victim left work around midnight on August 25, 1977. While she was starting her car the door opened and one of the appellants said they had car trouble and requested assistance. They told the victim that their car was a block away and she agreed to help them. She gave them a ride to the car and pushed it off the road. When she began to leave, the appellants jumped into the victim's car, grabbed her arm, pulled out a knife and ordered the victim into the backseat. The appellants told the victim they had guns and would kill her if she did not co-operate. They further told her that they had escaped from the Michigan City Jail and were going to hold her as hostage.

After driving for about 15 minutes, the appellants stopped at a store in order to purchase beer. They rummaged through the victim's purse and took approximately $4.00. They then drove to another location where the appellants had a tent. Once inside the tent the appellants, over the victim's resistance, disrobed the victim and forced her to submit to numerous sexual acts including sexual intercourse with both men. The next morning the appellants drove the victim back to her car and let her out. They told her that if she went to the police they would kill her.

 Appellants first argue that the evidence was insufficient to show that the sexual acts had occurred against the will of the victim. They contend there was little physical resistance and the victim had voluntarily co-operated during the entire time. This Court has held that the resistance necessary to prevent a sexual attack is a question of fact which is dependent upon the surrounding circumstances in each case. *Shephard v. State,* (1946) 224 Ind. 356, 67 N.E.2d 534. A victim need not physically resist when resistance is prevented by threats and fear of injury. *Spaulding v. State,* (1978) Ind., 373 N.E.2d 165. The victim testified that she had initially resisted the advances of the appellants. She further testified that she saw a knife in the possession of one of the appellants and that they told her that they had guns and would

kill her if she did not co-operate. The evidence clearly supports the conviction for rape.

The appellants next challenge their kidnaping convictions, alleging there was no evidence of a forced abduction. The record is replete with threats of violence if the victim did not co-operate. Further, the victim was told that she was being held as a hostage until the appellants effectuated their escape. There is sufficient evidence in this record to support the conviction of kidnaping.

Appellants finally argue that there was insufficient evidence to show that a weapon had been used in the taking of money from the victim's purse. The victim testified however that she had seen a knife in the possession of the appellants and therefore did not resist when the appellants began rummaging through her purse. A knife is clearly a dangerous weapon within the meaning of the armed robbery statute. IC § 35-12-1-1 [Burns 1975]; *Kidwell v. State,* (1967) 249 Ind. 430, 230 N.E.2d 590.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.