**Raymond L. WOODSON, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 883S287PS.

Supreme Court of Indiana.

Oct. 3, 1985.

Raymond L. Woodson, Jr., pro se.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a bifurcated jury trial, Defendant (Appellant) was convicted of attempted murder, a class A felony, Ind.Code §§ 35–42–1–1, 35–41–5–1 (Burns 1979 Repl.), rape, a class A felony, Ind.Code § 35–42–4–1, (Burns 1979 Repl.), criminal deviate conduct, a class A felony, Ind.Code § 35–42–4–2 (Burns 1979 Repl.), attempted criminal deviate conduct, a class A felony, Ind.Code §§ 35–42–4–2, 35–41–5–1 (Burns 1979 Repl.), and was found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1979 Repl.). The trial judge sentenced him to five terms of imprisonment of thirty (30) years each, three to be served consecutively and two to be served concurrently with the others, a total of ninety (90) years.

■ The sole issue presented on this direct appeal is whether the trial court's instruction upon the issue of consent (applicable to three of the counts) misstated Indiana law and therefore misled the jury. No issue has been presented as to the attempted murder conviction or the habitual criminal determination. We find no error and affirm the convictions.

The record reveals that the victim submitted to Defendant's demands, as he threatened her with a knife. She violently resisted him only as he started to strangle her.

The instruction stated that a person subjected to a sexual attack is not required to resist by all violent means, but that resistance must not be mere pretense, and that the issue of consent was a factual question to be determined by the jury. Defendant particularly objects to the following quoted sentence in the instruction. "The law requires only that the case be one in which the woman did not consent." He urges that this sentence might have permitted the jury to convict him without any evidence of actual resistance by the victim.

Defendant's contention might have merit if the sentence complained of were read in isolation, but viewed as a whole, the instruction correctly states the law of Indiana.

The instruction complained of also stated the following: "The law does not require that the woman shall do more than her age, strength, and *all attendant circumstances make it reasonable for her to do* in order to manifest her opposition." Although couched in terms denoting what the State is not required to prove, taken as a whole the instruction cannot be said to suggest that the State need not prove that the victim was compelled to submit. In context, the sentence complained of could not have conveyed an erroneous concept of the charge.

 The degree of resistance, if any, employed by a rape victim is material only in that it may evidence that the submission was or was not compelled. Circumstances, such as were presented in this case, that render resistance impossible or unreasonable, render issues of resistance moot. In other words, that the submission was compelled may be shown by evidence other than acts of resistance. *Jenkins v. State* (1978), 267 Ind. 543, 545, 372 N.E.2d 166, 167.

> "This Court has held that the resistance necessary to prevent a sexual attack is a question of fact which is dependent upon the surrounding circumstances in each case.... A victim need not physically resist when resistance is prevented by threats and fear of injury." (Citations omitted.)

*Ballard; Vickers v. State* (1979), 270 Ind. 337, 338, 385 N.E.2d 1126, 1127. And this Court stated in *Dixon v. State* (1976), 264 Ind. 651, 657–58, 348 N.E.2d 401, 405:

> "There is no requirement that a woman scream or physically resist, when by such an act she may very well anger or frustrate her assailant and thereby endanger her life further.... There is absolutely no evidence that the woman in this case would have remained with her captor and consented ... had she been able to leave safely."

*Accord, Ramos v. State* (1984), Ind., 467 N.E.2d 717, 719; *Spaulding v. State* (1978), 268 Ind. 23, 26, 373 N.E.2d 165, 167; *Critchlow v. State* (1976), 264 Ind. 458,

466–67, 346 N.E.2d 591, 597; *Beard v. State* (1975), 262 Ind. 643, 647, 323 N.E.2d 216, 218; *Ritter v. State* (1946), 224 Ind. 426, 67 N.E.2d 530. The trial court's instruction correctly stated the law of Indiana, and we find no error.

 We observe, *sua sponte*, a sentencing error in that the trial court's sentencing order appears to render a separate, 30-year sentence upon the habitual offender finding. The habitual offender penalty instead operates to enhance the sentence otherwise provided for an underlying felony. Ind. Code § 35–50–2–8(a) (Burns 1979 Repl., now section 35–50–2–8(e) [Burns 1985 Repl.]); *St. Mociers v. State* (1984), Ind., 459 N.E.2d 26, 29.

The judgments of the trial court are affirmed, but this cause is remanded to the trial court, which is instructed to specify the sentence which shall be enhanced by reason of the habitual offender determination.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.