## LUCIUS LAWTON v. WILLIAM CARDELL.

When the defence, in an action of trespass *quare clausum fregit*, is stated by way of notice, under the general issue, under the *statute*, no replication is required; but the proof is the same, as when formal pleadings are made.

Where the evidence, in an action of trespass *qu. cl. fr.*, tended to prove, that the defendant entered the dwelling house of the plaintiff by virtue of a search warrant, to find stolen goods, and, after the search had been concluded, and the goods had been found and taken, together with the plaintiff, before the magistrate who issued the warrant, again aided others in entering the house for the purpose of finding   evidence merely against the plaintiff, to be used in convicting him of the theft, and the court instructed the jury, that, if the defendant went to the house the second time merely for the purpose of finding more evidence against the plaintiff, and assumed, as a mere pretext, to go for some other purpose, the plaintiff was entitled to recover, it was held, that there was no error in the charge.

Lawton *v.* Cardell.

So, where the evidence, in such case, tended to prove, that the house, in which the trespass was alleged to have been committed, belonged to one C., and had been occupied by one P. until a short time before the alleged trespass, and that then P. had removed to another town, taking most of his household goods, but leaving a few, which were of less frequent use, and at the time P. left the plaintiff moved his goods into the house, and made the garden, but did not in fact commence residing in the house until some months after, and the jury were instructed, that they must be satisfied, that the plaintiff, at the time of the alleged trespass, had the exclusive possession of the house, and the jury returned a verdict for the plaintiff, it was held, that the verdict could not be disturbed.

And where it appeared, in such case, that immediately previous to the issuing of the search warrant, the defendant said, that "he had got a place fixed for Lawton," meaning the plaintiff, and the jury were instructed, that if this was said by the defendant in reference to the prosecution, it could have no tendency to increase the damages, but that, if they believed the defendant went into the plaintiff's house merely to abuse and insult him, without any serious belief that he was guilty, it might be considered by them in estimating the damages, and the jury returned a verdict for the plaintiff, it was held, that herein there was no error.

TRESPASS *quare clausum fregit,* for breaking and entering the plaintiff's dwelling house. Plea, the general issue, with notice, that the defendant would justify under a search warrant, which issued upon the oath of the defendant, that a pair of blacksmith's tongs, a shovel, two chains and a broad axe had been stolen from him, and was directed to Ira Richardson, a deputy sheriff, to serve and return; and it was alleged in the notice, that the sheriff, upon search, did find the said tongs and broad axe in the plaintiff's dwelling house, and that the same, together with the plaintiff, were taken before the magistrate who issued the warrant, and such proceedings were had, that the plaintiff was adjudged guilty of stealing the same. Trial by jury, May Term, 1849,—REDFIELD, J., presiding.

On trial the plaintiff gave evidence tending to prove, that he occupied a dwelling house in the town of Warren, which the defendant, with Ira Richardson, Sophia C. Page and Charles Jones broke and entered on the twenty second of December, 1845.

The defendant gave in evidence the complaint and warrant and record of the proceedings thereon, described in his special notice, and also a complaint and warrant in another prosecution against the plaintiff for larceny, and the record of the proceedings thereon. It

appeared, that after the officer had made thorough search in the plaintiff's house, and had arrested the plaintiff upon the warrant and brought him before the magistrate for trial, and the witnesses, Charles Jones and Sophia C. Page, were in attendance, some question arose in regard to the property of a certain wash bowl, which was found upon the broad axe in the plaintiff's house, at the time the officer made the search, and which was claimed to have been one of the articles stolen. The defendant and his attorney made application to the officer to go in and make farther search, and thus give these witnesses an opportunity of seeing the wash bowl; but he declined going, saying that he had made all the search he desired and did not think he would be justified in going in for any secondary purpose, such as procuring evidence against the plaintiff. The witnesses above named were children of the wife of one Paine, who resided in the house immediately previous to the plaintiff, and who had, by permission of the plaintiff, suffered some of his things to remain in the house until that time; and they now suggested, that they wished to go in for the purpose of seeing these things, as Paine had requested them to look after them. This was deemed a good occasion for entering the house, and the defendant and Richardson went with the witnesses and unlocked the door and admitted them, and Richardson showed them the bowl. The defendant did not enter the house himself, but aided the witnesses to enter and advised them that they might justly enter. It did not appear, that any of the persons entering the house looked after any thing but the wash bowl, or that there was any *bona fide* purpose of looking after any thing else, except from the testimony of said witnesses.

It was claimed by the defendant, that the plaintiff was not in possession of the house at the time of the alleged trespass. But it appeared, that the house belonged to one Curtis, and had been occupied by Paine until a short time previous to the alleged trespass, and then Paine had removed to another town, taking most of his household goods, leaving some few, which were of less frequent use, as above stated, and that, at the time Paine left, the plaintiff moved his goods into the house, and made the garden, but had not begun house keeping there at that time, being at board in Montpelier, where some temporary business detained him. When he did return to Warren, which was some few months after, he went into this

house. In the complaint made by the defendant it was described as the plaintiff's dwelling house.

The plaintiff, for the purpose of enhancing the damages in the case, gave evidence to prove, that immediately previous to the issuing of the warrant the defendant said, that " he had got a place fixed for Lawton," meaning the plaintiff. This testimony was objected to by the defendant, but admitted by the court for the purpose for which it was offered, the jury being told in relation to it, that if the defendant's remark had reference to either of the prosecutions, it could have no tendency to increase the damages ; but that, if they believed the defendant had formed the purpose of harassing and insulting the plaintiff, and that, with this view, he went into the plaintiff's house merely to abuse and insult the plaintiff, without any serious belief that he was guilty, or that any honest, truthful evidence could be procured against him, it might be worthy of consideration by the jury in estimating damages.

In regard to the right of recovery in the case the court instructed the jury, that they must be satisfied, that the plaintiff, at the time of the alleged trespass, had the exclusive possession of the house, and that the defendant and those who entered it by his aid and counsel did not go in for the purpose of looking after the goods of Paine, but to search for evidence against the plaintiff,—the search having been fully made previously for the goods described in the search warrant ; but that if Paine had the possession of the house, or a joint possession with the plaintiff, then he and his servants might enter when they would, without regard to the motive, and the defendant might justly aid them in such entry, whatever might be *his* motives ;—so, too, if the plaintiff had the exclusive possession of the house, but permitted the goods of Paine to remain there, and these witnesses went by Paine's request, for the real purpose of looking after the goods, they would be justified in so doing, and the defendant also, in aiding them to make the entry, although a leading motive with him might have been to find evidence against the plaintiff; but that, if the real purpose of all, who entered at that time, was to find more evidence against the plaintiff, and they made use of the circumstance of looking after Paine's goods as a mere pretext, it would not avail them.

Verdict for plaintiff. Exceptions by defendant.

Lawton v. Cardell.

*J. A. Vail*, for defendant, cited *Humphrey* v. *Douglass*, 11 Vt. 24, *Benson* v. *Bolles*, 8 Wend. 175, *Cong'l Soc. in Bakersfield* v. *Baker*, 15 Vt. 119, and *Ripley* v. *Yale et al.*, 16 Vt. 257.

*O. H. Smith*, for plaintiff, cited *Merest* v. *Harvey*, 5 Taunt. 442, *Sears* v. *Lyons*, 2 Stark. R. 317, 3 Stark. Ev. 1451, *Major* v. *Pulliam*, 3 Dana 584, *Treat* v. *Barber*, 7 Conn. 274, *Churchill* v. *Watson*, 5 Day 140, *Anthony* v. *Gilbert*, 4 Blackf. 348, *Simpson et al.* v. *McCaffrey*, 13 Ohio 508, *Bohun* v. *Taylor*, 6 Cow. 313, *Machin* v. *Geortner*, 14 Wend. 239, *Brodley* v. *Davis*, 2 Shep. 44, and Cro. Eliz. 246.

The opinion of the court was delivered by

REDFIELD, J. The first question in the case seems to be more one of fact, than any thing else, that is, whether the officer really made the last entry upon the plaintiff's premises, to complete his search for the lost goods, or whether the entry was a wholly distinct matter, and for another purpose. Ordinarily, in special pleading, such subsequent and distinct entry must be newly assigned by the plaintiff; but when the defence comes in by notice, under the statute, no replication is required; but the proof is the same, as where formal pleadings are made. And it was never denied, or doubted, that if the officer have legal process to execute and voluntarily abuse and pervert it to other purposes, he is not only a trespasser in that act, but becomes one *ab initio*, and is thus liable for all, that he has done under the process. This has been familiar law since the time of the *Six Carpenters' Case*, 8 Co. R. 146.

And the same is true of the right of entry claimed, to look after Paine's goods. It was matter of fact, whether any such entry, for any such purpose, were really made. Both of these points, it seems to us, were properly left to the jury, and under proper instructions, so far as there was testimony in the case. In regard to the entry under the search warrant the officer did not claim to so enter.

The question of possession, too, was mainly one of fact; but the facts, as detailed in the bill of exceptions, seem fully to justify the verdict. The charge upon this point seems unobjectionable.

The statement of the defendant, before the entry, that he had got a place fixed for Lawton, so far as it had reference to the entry, for

which the plaintiff recovered damages, and tended to show, whether it was *bona fide*, was proper enough to be considered in estimating damages; and beyond that the jury were told not to consider it. The trial seems correct; possibly the damages might with propriety have been less; that is not a matter of which we are permitted to judge, or of which, in this court, we have the means of forming any correct estimate.

Judgment affirmed.