GAMBLE, Appellant, v. KEYES, Respondent.

(153 N. W. 888.)

(File No. 3760. Opinion filed July 24, 1915.)

1.   **Searches and Seizures—Warrant of Arrest, Search for Intoxicants Under—Necessity of Search Warrant—Constitutional Law—Statute—Assault on Owner of Premises—Demurrer to Defense.**

Under Const. Art. 6, Sec. 11, declaring that the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches shall not be violated, and that no warrant shall issue but upon probable cause supported by affidavit, and Laws 1907, Ch. 173, authorizing (Sec. 1) issuance of search warrant for search of premises where intoxicants are unlawfully kept or sold, and directing the officer to seize and keep such liquors found therein, to be used as evidence, etc., and (Sec. 3) providing that no such search warrant shall issue, unless there has been filed with a magistrate or judge an affidavit particularly describing the place to be searched and the things to be searched for, and (Sec 8) that no warrant shall issue to search a private residence occupied as such, unless it or some part be used as a store or shop, or unless such residence is a place of public resort, and (Sec. 10) that intoxicating liquors so seized and held may be used as evidence, held, that a sheriff, or others acting with him, under a warrant of arrest of one accused of selling intoxicants, and who entered a dwelling house and found therein and took away certain liquor to be used as evidence, were not justified in thereafter reentering the residence under such warrant, though unreturned, and without a search warrant, to remove other liquors therefrom, although it was a place of public resort because intoxicants were sold therein; and an answer setting up these facts was properly demurred to as not constituting a defense to an action by the wife of the accused for damages for forcibly entering said house, alleged to be owned and possessed by her, and for injuring the same, and for assaulting, detaining and restraining her of her liberty without reason or probable cause.

2. **Same—Action for Trespass Under Warrant of Arrest—Seizure of Intoxicants, Assault as Incident—Pleading—Defense—New Matter in Mitigation with Denial of Malice—Evidence.**

In a suit for punitive damages for malicious trespass under a warrant of arrest, held, that an answer which, in addition to a general denial, alleges, in mitigation of damages, that the search of plaintiff's residence was made under such warrant against plaintiff's husband, to take intoxicating liquor from the premises to be used as evidence, states a partial defence as against a demurrer; and that evidence in mitigation is receivable under the general denial.

3. **Pleadings—Partial Defense in Mitigation of Damages—New Matter, Relevancy—Statute.**

In a suit for damages for forcibly and maliciously entering plaintiff's residence, and for assaulting her, etc., without reason or probable cause, held, that, under Code Civ. Proc., Sec. 126, requiring an answer to contain a general or specific denial of

each material allegation in the complaint, and a statement of any new matter constituting a defense, an answer may allege, as new matter, facts showing that defendants acted in good faith and without malice in prosecuting a search of plaintiff's residence for intoxicants to be used as evidence against her husband, under a warrant for whose arrest the search was made; that such facts constitute a partial defense in mitigation of damages and in disproof of malice; and the trial court properly refused to strike out such matter as immaterial.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by Elizabeth F. Gamble against E. R. Keyes for damages for forcibly entering and injuring plaintiff's house, assaulting her, etc. From an order refusing to strike out certain paragraphs of the answer and overruling a demurrer thereto, plaintiff appeals. Affirmed.

*McFarland & Johnson,* for Appellant.

*Wilbur S. Glass,* for Respondent.

(1) Under point one of the opinion, Appellant cited: U. S. Const., Art. 6, Sec. 11; Const. S. D., Art. 6, Sec. 11; Laws 1907, Ch. 173; 35 Cyc. p. 1276; Lawton v. Cardell, 22 Vt. 524; Houghton v. Backman, 47 Barb. 388; People v. Noelke, 29 Hun 461, 101 A. S. R. 330; Newbury v. Carpenter, 61 A. S. R. 350; Cooley on Torts, 295; McClurg v. Brenton, 123 Iowa, 368, 98 N. W. 881.

Respondent cited: Thatcher v. Wix, 79 Me. 547, S. C. 11 Atlantic, 599; Spalding v. Preston, 21 Vt. 9; S. C. 50 Am. Dec. 68; Bishop Crim. Proc. 211; Nathaniel P. Banks v. Jacob Farwell et al., 21 Pickering, 156; State v. Madison, (S. D.) 122 N. W. 647; State v. Intoxicating Liquors, 55 Vt.; Ayers v. Bertch, 35 Mich. 501.

(2) Under point two of the opinion, Respondent cited: Williams v. Black, (S. D.) 124 N. W. 728.

SMITH, J. This is an appeal from an order of the trial court refusing to strike out certain paragraphs of an answer and from an order overruling a demurrer to such answer. Respondent has raised no question as to the regularity of the appeal, and for that reason we shall consider the merits of the case presented without considering any question as to a double appeal. The complaint alleges that the plaintiff was the owner and in possession of a dwelling house, together with the furniture and

other personal property therein, in the town of Henry, Codington county; that on August 17, 1914, the defendants unlawfully and forcibly broke into and entered the said dwelling house, and injured the walls and door thereof, against the will of the plaintiff, and assaulted the plaintiff, pulled and dragged her about, and forced and compelled her to go into the public streets of said town, and put her under restraint, and detained her unlawfully, and restrained her of her liberty without any reason or probable cause therefor, and injured, bruised, lacerated, and sprained plaintiff's arm and shocked her nervous system, so that it was necessary to have the attendance of a physician and surgeon, to her injury and damage, etc.

To this complaint the defendant Keyes, by his separate amended answer, alleged that one Frank Elkins, sheriff of said county, under and by virtue of a warrant of arrest issued on the 15th day of August, 1914, out of the municipal court of the city of Watertown, on the afternoon of the 17th day of August, 1914, at the premises described in the complaint, arrested and took into custody one John Gamble, plaintiff's husband, for examination upon a charge of unlawfully engaging in the business of selling intoxicating liquors without a license in said county, that a hearing was had in said municipal court on August 18, 1914, wherein it was ordered that said Gamble be held to answer said charge, and that thereafter, on the 8th day of September, 1914, said John Gamble was convicted of said crime and sentenced to pay a fine of $350, which he paid, and was released and discharged; alleged that on the 17th day of August 1914, the record title to the premises described was in said John Gamble, and denied any knowledge or information sufficient to form a belief as to the real ownership of the premises; alleged that at the time of the arrest of said Gamble, on the afternoon of August 17th, the sheriff found upon said premises a large quantity of intoxicating liquors, there kept for unlawful sale, that said sheriff at the time of the arrest of John Gamble, seized and took into his possession a large part of the said intoxicating liquors, to be used as evidence upon examination and trial of said Gamble, that at the time of the arrest and seizure aforesaid the sheriff overlooked and did not take a satchel or valise then in said dwelling house, which contained whisky in bottles, and inadvertently left the same upon

said premises, that afterwards, and during the evening of August 17th, and while said warrant of arrest was still in his hands, and before he had returned the same to the municipal court, one Ring, his codefendant, who was a duly appointed, qualified, and acting deputy sheriff of said county, required and commanded this defendant to aid him in securing said satchel or valise with its contents, for the purpose of using the same as evidence as aforesaid, that this defendant, as required and commanded by said deputy sheriff, did accompany him to said premises, and did aid him in securing said whisky to be used for the purposes aforesaid, that, when this defendant and the sheriff reached said premises, they found plaintiff in possession of and exercising full control over the same, that they informed her that they were there for the purpose of obtaining the said whiskey and satchel or valise which the sheriff had overlooked and omitted to take when he arrested said John Gamble, and demanded of plaintiff said satchel and valise and whisky, to be used as evidence, and asked plaintiff for permission to enter said dwelling house for the purpose of obtaining the same, that plaintiff told defendant that the whisky was in the house, and she proposed to keep it, and refused to allow them to enter said dwelling house, that they attempted to enter for the purposes aforesaid; whereupon the plaintiff attacked, assaulted, and beat them, and that it became necessary, in self-defense, to use enough force to prevent injury to the defendants, and that no more force was used than was necessary to prevent such injury, and that the defendants entered said dwelling house and obtained said satchel with the whisky therein contained.

The fourth and fifth paragraphs of the answer allege that the dwelling house was a place in which intoxicating liquors were unlawfully kept and sold, and that the plaintiff was keeping and maintaining said public resort, and by reason thereof had committed a public offense, and was committing a public offense in the presence of these defendants, and further committed a public offense by assaulting and beating this defendant and said deputy sheriff. Plaintiff moved to strike out the fourth and fifth paragraphs as immaterial, which motion was denied. Defendant then demurred to the answer upon the ground that it failed to state facts sufficient to constitute a defense. The court did not err in

refusing to strike out thse paragraphs.   Walter v. Fowler, 85 N.
Y. 621; Bradner v. Faulkner, 93 N. Y. 515.

[1] The question presented by the demurrer is whether the
defendant and the deputy sheriff were justified in forcibly break-
ing into and entering the house in possession of and under con-
trol of plaintiff, and assaulting the plaintiff for the purpose and
under the circumstances alleged in the answer.   It is conceded
that no criminal charge had been preferred against the plaintiff,
and that the defendants were not attempting to arrest her upon
any criminal charge; and that no search warrant had been issued
authorizing defendants to enter the dwelling house and seize
liquors therein, to be used as evidence, or for any other pur-
pose.

Section 11, art. 6, of the Constitution of this state, declares:

"The right of the people to be secure in their persons, houses,
papers and effects, against unreasonable searches and seizures,
shall not be violated, and no warrant shall issue but upon probable
cause supported by affidavit, particularly describing the place to
be searched and the person or thing to be seized."

The answer alleges and the demurrer admits that the dwell-
ing house in which plaintiff resided was a place used for the un-
lawful sale of intoxicating liquors, and under the decision of this
court in State v. Madison, 23 S. D. 584, 122 N. W. 647, it be-
came a public resort, within the meaning of section 8, c. 173,
Laws of 1907, which provides:

"No warrant shall be issued to search a private residence oc-
cupied as such unless it or some part of it is used as a store or
shop, hotel or boarding-house, or unless such residence is a place
of public resort."

Under section 1, c. 173, supra, a search warrant may be
issued upon the sworn complaint of any person, authorizing a
search of premises where intoxicating liquors are unlawfully kept
or sold, and directing the officer to seize and safely keep such
liquors found therein, and hold the same subject to the order of
the court or magistrate, to be used as evidence in a prosecution for
a violation of the local option law, or any ordinance prohibiting
the sale of such liquors.   Section 3 provides that no such search
warrant shall issue, unless there has been filed with a magis-
trate or judge an affidavit particularly describing the place or

house to be searched, the things to be seached for, and alleging substantially the offense in relation thereto, and that affiant believes and has good cause to believe that such liquor is there concealed for unlawful purposes. Section 10 declares that intoxicating liquors so seized and held to be used as evidence shall not be taken from the custody of the officer by an action in claim and delivery or other process, while the proceedings are pending.

It is thus apparent that, under the intoxicating liquor law of this state, a seach warrant can only issue where the place or house to be searched is alleged upon sworn affidavit to be a place where intoxicating liquors are unlawfully kept or sold, and is then issued solely for the purpose of seizing liquors which may be used as evidence upon a criminal charge. It may be conceded that an officer, who is authorized to make an arrest for a violation of the intoxicating liquor laws, may lawfully seize intoxicating liquors found in the actual possession and control of the accused, and hold the same as evidence, and that such liquors may be used as evidence, even though the seizure be made in an unlawful manner. State v. Madison, supra. But it does not by any means follow that an officer, after making an arrest without actually seizing such liquors, may thereafter return to and forcibly enter such place without a search warrant, even though he has actual knowledge that such liquors are in the place. If he may thus return and forcibly enter within an hour after an arrest, a like forcible entry within a week or a month would be equally justifiable. Respondent presents no plea justifying the acts complained of, except a purpose to seize the liquors as evidence. It is precisely this purpose which is covered by the statute (chapter 173, Laws 1907) which requires a seach warrant. That an officer who makes an arrest may have failed, through inadvertence, to seize liquors found in possession of the accused at the time of the arrest, as he might lawfully have done, cannot enlarge his authority. Nor can the fact that he lawfully seized certain liquors upon the arrest authorize him to return and seize others, even though the warrant of arrest is still in his hands. As well might he assert the right to make an arrest and place the accused in jail, and then return at any time thereafter, and forcibly enter and seize such liquors. The fact that the place, though a private

dwelling house, had become a public resort subject to search and seizure, in no manner changed the rule requiring a search warrant. It is only such places as this which may be forcibly entered and searched, even under a search warrant. An act which could lawfully be done only under authority of a proper search warrant is plainly wrongful and unjustifiable, if done without such warrant.

The answer demurred to failed to state a legal justification of the acts complained of. The following cases illustrate the principles involved: McClurg v. Brenton, 123 Iowa, 368, 98 N. W. 881, 65 L. R. A. 519, 101 Am. St. Rep. 325. Gardner v. Neil, 4 N. C. 104; Lawton v. Cardell, 22 Vt. 524; Newberry v. Carpenter, 107 Mich. 567, 65 N. W. 530, 31 L. R. A. 163, 61 Am. St. Rep. 346; 35 Cyc. 1277, 1278.

[2] But the complaint alleges that the wrongful acts complained of were done maliciously, and the action is undoubtedly one in which exemplary or punitive damages may be awarded by the jury. The answer purports to set forth the complete transaction referred to in the complaint, as it is alleged to have occurred, and denies that such acts were done maliciously. Thus the answer, though it does not allege facts which constitute a complete defense or justification, denies the alleged malice and purports to set up matters in mitigation of damages. This court following the rule of the common law which has been followed in certain other Code states has held that evidence in mitigation of damages may properly be received under a general denial. Richardson v. Huston, 10 S. D. 484, 74 N. W. 234; Cullen v. Dickenson, 33 S. D. 27-31, 144 N. W. 656, 50 L. R. A. (N. S.) 987.

[3] The question here presented is whether such matters under the Code system may properly be pleaded in the answer as new matter. The Code of Civil Procedure provides:

Section 126: "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. 2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language without repetition."

Mr. Pomeroy in his admirable work on Code Pleading (4th Ed.) § 570, says:

"The common-law logic does not control the form of plead-ing and of the issues under the present system. The notion of a partial defense on the record, of an answer which does not go to the whole cause of action, is neither opposed to the spirit nor to the letter of the Codes; on the contrary, it is in full harmony with the spirit, and seems to be demanded by the letter. The obvious intent of the system (the central conception) is not an observance of logical forms, but that the facts which constitute the plaintiff's cause of action, and the defendant's resistance thereto, shall be stated in a plain and concise manner, in ordinary lan-guage, without reference to any technical requirements of form or theory. The very primary design of the procedure is that the truth as it is between the parties must be first alleged, and then proved. The letter carries out this spirit, because it re-quiries that the answer must contain: (1) The denials, and (2) a statement of any new matter constituting a defense, and that the defendant may set forth as many defenses as he shall have. No other clauses of the statute limit this general language or re-strict it to entire defenses. From the nature of the case, when a complaint or petition is in an ordinary form, containing only the averments necessary to state the cause of action, facts in mitigation of damages must be new matter rather than denials."

Id. § 568:

"It follows from the foregoing discussion that considering the office and function of the general denial, and the distinction between it and new matter, the latter confesses and avoids all the material allegations of the complaint or petition; that is, it admits all the material facts averred therein, and avoids their legal result by means of the additional facts which are relied upon as con-stituting the defense. A particular defense, may therefore, when set up in answer to one complaint, be new matter and require to be pleaded. The same kind of defense, when set up in answer to another complaint, may not be new matter, but may be proved under the general denial without being specially pleaded. * * * There are, however, two special classes of defenses which, though embraced under the denomination of new matter, are so peculiar, and so radically different from all others of that name, that they require a separate mention—defenses in mitigation of damages, and defenses in abatement."

Id. § 569:

"Matters in mitigation are partial defenses, and it became the settled doctrine of the former procedure that they were to be proved under the general issue.".

Id. § 570:

"In interpreting the language of the Codes, all. the common-law notions as to the impossibility of pleading partial defenses should be wholly rejected, for they were based upon reasons purely technical and arbitrary—mere formulas of verbal logic without any real meaning.".

Id. § 571:

"On principle, then, all defenses in mitigation of damages, when they consist of new matter, should be pleaded, and cannot be proved, under the general denial."

Mr. Pomeroy cites, as sustaining his views, the case of Mc-Kyring v. Bull, 16 N. Y. 304, 69 Am. Dec. 696, in which Justice Selden discusses at length the English and common-law rules of pleading, and the changes accomplished by the Code of Procedure then recently adopted in that state, and upon which our own Code of Civil Procedure is founded. The views of Justice Selden seem to have been later adopted in that state, by statutory enactment (Code Civ. Proc. § 508, as amended by Laws 1877, c. 416), which requires matters in mitigation and partial defenses to be specially pleaded as·such. We believe the foregoing is a correct view of the new system of Code pleading, and that the rule applied by this court in Williams v. Black, 24 S. D. 501, 124 N. W. 728, should be applied in this case.

The complaint contains only such averments as are necessary to state plaintiff's cause of action. We are therefore inclined to the view that it was competent and proper to plead, by way of answer, facts or circumstances in mitigation of damages, or which would tend to disprove malice, and that the trial court did not err in overruling the demurrer or in its order denying the motion to strike out the matters so pleaded.

The orders of the trial court are therefore affirmed.