McDANIEL v. STATE OF INDIANA.

[No. 24,397.  Filed January 6, 1926.]

1. CRIMINAL LAW.—*Sufficiency of affidavit or indictment cannot be first challenged on appeal.*—The sufficiency of an affidavit or indictment cannot be challenged for the first time on appeal.  p. 180.

2. INDICTMENT.—*Omission of word "feloniously" from affidavit charging unlawful possession of still for manufacture of intoxicating liquor does not render affidavit insufficient.*—The omission of the word "feloniously" from an affidavit charging that the defendant "unlawfully" had in his possession a still for the manufacture of intoxicating liquor would not make the affidavit insufficient.  p. 181.

3. INTOXICATING LIQUORS.—*Provision of §4 of Prohibition Law of 1917 as amended Acts 1921 p. 736 making it unlawful to have possession of still, etc., was not invalid because not within title to original act.*—That part of §4 of the Prohibition Law of 1917 as amended Acts 1921 p. 736 (§8356d Burns' Supp. 1921) making it unlawful "to have or possess any still, device or property for the manufacture of liquor intended for use in violation of the laws of the state" was not invalid because of not being within the title of the original act, as required by Art. 4, §19 of the Constitution.  p. 181.

4. INTOXICATING LIQUORS.—*Prohibiting possession of still for manufacture of intoxicating liquor properly connected with subject of prohibiting manufacture and sale of such liquor.*— Prohibiting the possession of a still for use in the manufacture of intoxicating liquor intended to be used in violation of law is properly connected with the subject of prohibiting the manufacture and sale of such liquor.  p. 181.

5. SEARCHES AND SEIZURES.—*Search warrant issued by justice of the peace or mayor not required to be under seal.*—A search warrant issued by a justice of the peace or mayor is not required to be under seal.  p. 182.

6. SEARCHES AND SEIZURES.—*Search warrant issued by a city judge or mayor acting as such is valid although addressed to*

McDaniel *v.* State—197 Ind. 179.

*the sheriff or any, constable of the county.*—The fact that a search warrant issued by a city judge or mayor acting as such is directed to the sheriff or any constable of the county instead of to the chief of police would not affect its validity. p. 182.

7.   SEARCHES AND SEIZURES.—*Officer charged with duty, of executing, search warrant must proceed with diligence, and unreasonable delay, invalidates the writ.*—An officer who is charged with the execution of a search warrant has no discretion as to the time of executing it, but must proceed with diligence, at the earliest reasonable opportunity, to make the search as commanded, and, after a reasonable time for making it has elapsed, the officer is without authority to do anything further under it, except to make a return to the magistrate or court issuing it.   p. 188.

8.   INTOXICATING LIQUORS.—*Evidence obtained on fourth search of premises under same warrant inadmissible in prosecution for having, possession of still for manufacturing, liquor.*—In a prosecution for having possession of a still for the manufacture of intoxicating liquor, evidence obtained on a fourth search of the defendant's premises under the same warrant was inadmissible, as the statute contemplates that such warrant shall be executed within a reasonable time after it comes to the officer's hands, and does not authorize repeated searches from day to day.   p. 188.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Chester McDaniel was convicted of having possession of a still for manufacturing intoxicating liquor, and he appeals. *Reversed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

PER CURIAM.—Appellant was prosecuted on the charge of having in his possession and using a still and distilling apparatus for the manufacture of intoxicating liquor in violation of law, on March 3, 1923, after ch. 33, Acts 1923 p. 107, had taken effect.   He was found guilty and was sentenced to im-

prisonment for not less than one nor more than five years. Overruling his motion for a new trial is properly assigned as error. Appellant has also assigned as error that the affidavit does not state facts sufficient to constitute a public offense. But the sufficiency of an affidavit or indictment cannot successfully be challenged for the first time on appeal. *King* v. *State* (1921), 191 Ind. 306, 308, 132 N. E. 628; Ewbank's Manual (2d ed.) §136.

In any case the omission of the word "feloniously" in charging that the defendant "unlawfully" had in his possession and used a still for the manufacture
2.  of intoxicating liquor in violation of the laws of this state, would not make the affidavit insufficient. *Smith* v. *State* (1924), 194 Ind. 624, 144 N. E. 141; *Simpson* v. *State* (1925), *ante* 77, 149 N. E. 53.

Part of the evidence consisted of testimony of some deputy sheriffs telling what they found in a certain house when they entered it under authority of a
3, 4.  search warrant, and of the exhibition to the jury of a still and some whisky which they seized by virtue of the warrant. The search warrant had been issued on February 28, 1923, pursuant to an affidavit filed that day. Appellant's contention that §4 of the "act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor," etc. (ch. 4, Acts 1917 p. 15), as amended in 1921 (§1, ch. 250, Acts 1921 p. 736), is not within the title of the act so far as it assumes to forbid any person "to have or possess any still, device or property for the manufacture of liquor intended for use in violation of the laws of this state," cannot be upheld. Forbidding the possession of a still for use in the manufacture of intoxicating liquor intended to be used in violation of law is "properly connected with" the subject of prohibiting the manufacture and sale of such liquor, expressed in

the title. And that satisfies the constitutional requirement. Art. 4, §19, Constitution, §122 Burns 1926, §115 Burns 1914; *Alyea* v. *State* (1925), 196 Ind. 364, 147 N. E. 144.

A warrant of search and seizure issued by a justice of the peace or mayor is not required to be under seal unless the statute so provides. *Padfield* v. *Cabell* (1743), Willes (Eng.) 411; *State* v. *McNally* (1852), 34 Me. 210, 56 Am. Dec. 650; *Santo* v. *State* (1855), 2 Iowa 165, 63 Am. Dec. 487. The form of search warrant prescribed by statute in Indiana for use by justices of the peace only recites that it is "given under the hand" of the justice, and does not mention a seal. §2087 Burns 1926, §1925 Burns 1914, §58, ch. 169, Acts 1905 p. 584. The several statutes which authorize the issue of search warrants to discover and seize intoxicating liquor merely provide that the justice or other magistrate named therein "shall issue his warrant," without any direction that it shall be under seal. §8338 Burns 1914, §2, ch. 16, Acts 1907 p. 28, §8356y Burns' Supp. 1921, §25, ch. 4, Acts 1917 p. 15.

While the statute under which the warrant now being considered was issued merely provides that "search warrants to search any place for still or distilling apparatus may be issued as now provided by law for searching for intoxicating liquor." §2, ch. 33, Acts 1923 p. 107. And, in such matters, a city judge, or mayor acting as such, has the jurisdiction of a justice of the peace. §11011 Burns 1926, §8842 Burns 1914, §216, ch. 129, Acts 1905 p. 219. The fact that the search warrant was addressed to the sheriff or any constable of the county, and not to the chief of police, did not affect its validity, the city judge having the powers of a justice of the peace.

But it was shown by undisputed evidence, given by

the officers who made the search, that on February 28, 1923, the day the search warrant was issued and placed in their hands for service, they went to the house described, which was about six miles away, and "went through the premises that day and found one of the stills and the mash"; that they "went through the house and store building and barn and everything" on that day, but did not find any persons there; that they went back again the next day (March 1) and "went through the premises and searched the buildings again at that time, and again on the night of March 2," but did not take the stills and implements because nobody was found using them; that they only had the one search warrant, and it was not until the fourth search, made on March 3, 1923, that they found the stills in operation and found appellant there in possession of them. And certain evidence showing what was discovered and what was seized in making this fourth search, pursuant to the command of a warrant which before had been executed three times by searching the premises that often, was admitted over an objection stating those facts as the cause for asking that it be excluded.

This presents for decision the question whether or not a search warrant that had been used in making a search of the premises which was fully completed, but of which no return had been made, could authorize the officers who made that search to return and make a second, third and fourth search of the same place; and whether the things they seized the fourth time which were not there when the first search was made, and testimony as to what they observed and what defendant was doing when they entered the fourth time by authority of the same warrant, were competent. No authorities expressly deciding this question have been cited, and we know of none. Except for prescribing a form of warrant commanding the officer charged with its

execution to "diligently search for" the articles named, and to bring the same "forthwith" before the magistrate who issued it, (§2087 Burns 1926, §1925 Burns 1914, §58, ch. 168, Acts 1905 p. 584), and providing by another section of the same act that any officer whose duty it is to execute any warrant legally issued in any criminal case, who shall unnecessarily delay to serve any such warrant which is delivered to him to execute, when it is in his power to serve the same, shall be punished by fine and imprisonment (§2624 Burns 1926, §2414 Burns 1914, §508, ch. 168, Acts 1905 p. 584), the statutes of Indiana are silent on the subject; and the Constitution only provides that: "The right of the people to be secure, in their persons, houses, papers and effects, against unreasonable search and seizure shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or thing to be seized." Art. 1, §11, Constitution, §63 Burns 1926, §56 Burns 1914, §56 R. S. 1881.

In *Gamble* v. *Keyes* (1915), 35 S. D. 644, 153 N. W. 888, the court held that where the sheriff, on the afternoon of August 17, 1914, with a warrant for the arrest of J. G. entered the house where he lived with his wife, and arrested him, and seized and carried away a quantity of intoxicating liquor of which he was found in possession, but inadvertently omitted to carry away a satchel or valise filled with bottles of whisky, also found in his possession when he was arrested, a deputy sheriff had no right to re-enter the house that evening and take away the valise full of whisky. Under the law of South Dakota, the sheriff, on lawfully making an arrest for a violation of the liquor law, had the right to seize intoxicating liquors found in the actual possession and control of the accused, and hold the same as evidence. *State* v. *Madison* (1909), 23 S. D. 584, 122 N. W. 647.

But it was held that such right could be exercised only at the time of making the arrest, and not by returning, after the party arrested had been taken away, and re-entering the house to seize the liquor without a search warrant. The court said: "But it does not by any means follow that an officer, after making an arrest without actually seizing such liquors, may thereafter return to and forcibly enter such place without a search warrant, even though he has actual knowledge that such liquors are in the place. If he may thus return and forcibly enter within an hour after an arrest, a like forcible entry within a week or a month would be equally justifiable." *Gamble* v. *Keyes, supra.*

And where Federal officers serving search warrants issued under the Volstead law, took possession of quantities of intoxicating liquors of which "inventories" were made, and an officer remained upon the premises in charge of the liquor thus inventoried, it was held that the course followed was unauthorized, the court saying: "The method of execution was based on a total misconception of what a search warrant is and was not a compliance with either the language of the statute or the mandates of the warrants, both of which require that the seized property shall be brought before the officer issuing the warrant. The continued presence of the executing officers on the premises of the defendants is without warrant of law. They had no right to remain on the defendants' premises longer than was reasonably necessary to make a search and remove such personal property as they were authorized to seize." *United States* v. *American Brewing Co.* (1924), 296 Fed. 772, 777.

Under a statute providing that the search warrant should command the officer executing it to "make immediate return of said warrant," and to have the respondent "forthwith" before the magistrate for trial,

the Supreme Court of Maine held that a search warrant, issued on July 20, upon complaint made that day, did not authorize a search on July 23, where the officer to whom it was delivered had "needlessly" delayed executing it until three days had elapsed. The court said: "When there is named in any process, or in the law authorizing it, a time within which it is to be executed and returned, the process cannot be executed after that time, but becomes *functus officio*, except perhaps for return. When no time is thus named, the process must be executed within a reasonable time from its issuance and becomes *functus officio* thereafter, or the time within which it may be executed is unlimited, and it never becomes *functus officio* however long held back by the officer. We are not able to see any middle ground between these alternative propositions. * * * It is suggested that the prosecution often needs to obtain search warrants in advance, in order to have them in readiness to seize the liquors at the moment of deposit before they can be concealed * * *. If such a practice obtains, it should be nullified. No prosecution can be lawfully begun, no criminal process lawfully issued, before the offense is committed. The practice suggested, if it obtains, is a scandalous abuse of legal process based upon the perjury of the complainant and subjecting all concerned in it to penalties and damages." *State* v. *Guthrie* (1897), 90 Me. 448, 38 Atl. 368.

This reasoning, if correct, is peculiarly applicable to the case at bar, where the search warrant was issued on February 28, 1923, when possession of a still intended for unlawful use was a mere misdemeanor, punishable only by a fine of not more than $500 and imprisonment for not more than six months (§1, ch. 250, Acts 1921 p. 736) ; but one search followed another daily until after a new statute had taken effect (ch. 33, Acts 1923 p. 107) by which the possession or use

of a still or distilling apparatus for the manufacture of intoxicating liquor in violation of law was made a felony, punishable by a fine not exceeding $1,000, and imprisonment for not less than one nor more than five years, and where appellant was convicted and sentenced under the latter statute.

The Supreme Court of Kentucky held that a search warrant issued on June 3, could not lawfully be executed the eighth day of the following October, saying that a delay of four months and five days before executing it did not comply with a statute requiring the officer receiving a search warrant immediately to execute it, under penalty of a fine, and declared, as matter of law, that such a long delay was unreasonable, and the warrant had become ineffectual. *Link* v. *Commonwealth* (1923), 199 Ky. 778, 251 S. W. 1016. But the Supreme Court of South Carolina held that in the absence of any statute limiting the time within which a search warrant might be executed and returned, it was a question for the jury whether or not a delay of forty-eight days before executing the warrant by making a search was unreasonable. *Farmer* v. *Sellers* (1910), 89 S. C. 492, 72 S. E. 224. And the United States Circuit Court of Appeals for the fourth circuit, in a case that originated in South Carolina, held that it was a question for the jury whether or not a delay of thirty-eight days in serving a warrant for the search of an automobile was unreasonable where it appeared that, in all the intervening time, the officer who held the warrant "had been trying to catch up with the (party) and serve the warrant." *Elrod* v. *Moss* (1921), 278 Fed. 123.

The Supreme Court of Kentucky held that a search warrant based on an affidavit made the day before the day on which it was issued and the search was made was valid, and not open to objection because of the de-

lay. *Fowler* v. *Commonwealth* (1924), 204 Ky. 525, 264 S. W. 1075. The Supreme Court of Vermont intimated an opinion that an officer who had searched a house, seized certain goods alleged to have been stolen, and arrested the occupant on a warrant charging him with larceny, might have authority to re-enter under the search warrant to complete his search for the missing goods, but said that "the officer did not claim to so enter." *Lawton* v. *Cardell* (1850), 22 Vt. 524, 528. But, so far as we have been able to learn, no court has held that where the officers charged with the execution of a warrant had made a search, in obedience to its command, they had authority to delay making a return and go back from time to time and search again in the hope of finding somebody engaged in the commission of a crime by using articles which the warrant had commanded them to seize at the time it was issued, and to bring "forthwith" before the magistrate.

We think the weight, both of reason and authority, is to the effect that, under such a statute as ours, an officer charged with the execution of a search 7, 8. warrant has no discretion, but must proceed with diligence at the earliest reasonable opportunity, to make the search, as commanded; and that when a search under authority of the warrant has once been completed and it has been thus demonstrated that a reasonable time for making it has elapsed, the officer is without authority to do anything further under it, except to make a return and bring the fruits of his search before the proper magistrate or court. Therefore, it was error to admit evidence of what was discovered by the fourth search of appellant's house and premises, made under authority of a warrant which had previously been used in searching the same place.

The judgment is reversed, with direction to sustain appellant's motion for a new trial.