## EVANS *v.* STATE OF INDIANA.

[No. 24,728.   Filed December 7, 1926.]

1. INTOXICATING LIQUORS.—*Affidavit charging possession of still held sufficient without word "feloniously."*—An affidavit charging the possession of a still and distilling apparatus for the manufacture of intoxicating liquor under Acts 1923 p. 107 not insufficient because it did not contain the word "feloniously." p. 488.

2. INTOXICATING LIQUORS.—*Statute making it felony to have possession of still not invalid.*—Act of 1923 (Acts 1923 p. 107) making it a felony to have possession of still for the manufacture of intoxicating liquor was not invalid because it did not sufficiently define the offense, prescribe the punishment for a violation thereof nor fix the place of imprisonment.   p. 488.

3. CRIMINAL LAW.—On appeal, the facts stated in a verified motion must be taken as true in the absence of a showing to the contrary.   p. 490.

4. SEARCHES AND SEIZURES.—*Search of defendant's home a mile distant from place described in search warrant was illegal and unauthorized.*—The action of a sheriff and his assistants in searching defendant's home under a search warrant describing the place to be searched as a house and other buildings nearly a mile distant and in another section of land alleged to have been owned by the defendant was illegal and unauthorized. p. 490.

5. SEARCHES AND SEIZURES.—*Constitution requires particular description of place to be searched; search of any other place is illegal.*—The Constitution (Art. 1, §11, §63 Burns 1926) requires a particular description of the place to be searched under a search warrant, and a search of a place different from that described in the warrant is illegal and unauthorized.   p. 490.

6. CRIMINAL LAW.—Overruling defendant's motion to suppress evidence obtained by unlawful search is reversible error. p. 490.

From Blackford Circuit Court; *Jesse C. Sutton,* Special Judge.

Luther Evans was convicted of having possession of and under his control a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals. *Reversed.*

*Thomas V. Miller* and *John T. Walterhouse,* for appellant.

*U. S. Lesh,* Attorney-General, for the State.

MYERS, J.—In the Blackford Circuit Court appellant was convicted by a jury of having in his possession and under his control and use a still and distilling apparatus for the manufacture of intoxicating liquor. Acts 1923 p. 107. From a judgment in accordance with the verdict, appellant prosecuted this appeal, and in this court the errors properly assigned and relied on are: The action of the trial court in overruling his motion to quash the affidavit, and in overruling his motion for a new trial.

The motion to quash the affidavit is for insufficient facts to constitute a public offense, and failure to state the offense with sufficient certainty. The failure

1. to charge that the acts constituting the offense were "feloniously" committed is the omission asserted to be fatal to the affidavit. This court has ruled otherwise. *McDaniel* v. *State* (1926), 197 Ind. 179, 150 N. E. 50; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Simpson* v. *State* (1925), 196 Ind. 499, 149 N. E. 50.

Appellant also asserts that the statute upon which the affidavit at bar is predicated is invalid in that it does not sufficiently define the offense, nor sufficiently

2. prescribe the punishment or fix the place of imprisonment. These questions have been decided contrary to appellant's contention. *Wallace* v. *State* (1925), 196 Ind. 509, 149 N. E. 57; *Simpson* v. *State, supra.*

For a new trial, appellant relies on the refusal of the court to quash the affidavit, the search warrant, and the return of the sheriff thereon, and to suppress the evidence thereby obtained.

The motion to quash and suppress evidence was verified and filed April 7, 1924. The order-book entry affirmatively shows that upon the date of the filing of this motion, the court, "without hearing any evidence," overruled it. The motion, generally speaking, makes it appear that the affidavit upon which the search warrant was issued, as also the warrant itself, specifically described a bungalow house and other buildings located on a sixty-acre tract of land in a certain section, town and range alleged to be owned by Louis Evans, while the premises actually searched under the claimed authority of the search warrant, and under which the officers acted, and not otherwise, was a twenty-acre tract of land and buildings thereon in another section of land and almost a mile distant from the land and buildings described in the warrant. It further appears that at the time of the search and for more than five years prior thereto, appellant and his wife, Blanche B. Evans, the latter having the title to the twenty-acre tract, continuously occupied the dwelling house and other buildings thereon, and that neither appellant or his wife ever owned, occupied, supervised, or was in any way or manner connected with the land or buildings described in the affidavit or search warrant; that on January 11, 1924, the sheriff of Blackford county, accompanied by other officers, both state and federal, by virtue of this search warrant only, entered upon the premises so occupied by appellant and his wife, and searched the dwelling house and other buildings and therein obtained and still retains certain articles purporting to be a still and distilling apparatus which the state proposes to introduce in evidence to support the charge preferred against him.

Looking to the facts as set forth in the motion, for aught to the contrary appearing, we must accept them

at their full face value, and this done, the conclusion inevitably follows that the action of the sheriff and his assistants in making the search was illegal and unauthorized, for the reason that the place searched was not the place described in the search warrant, which appears to be the only authority or excuse for the sheriff's action in the premises.

Again we call attention to the Bill of Rights (Art. 1, §11, Constitution) requiring a particular description of the place to be searched. This right of the people is not only protected against legislative action, but against the officers and agents of the state through whom it alone acts. In the instant case, the sheriff, in making the search and in arresting appellant, acted under the color of his office and not as an individual. Hence, as said by Cornelius, Search and Seizure, §9, p. 56: "Refusal to receive evidence when illegally seized tends to discourage the practice and thereby protects the innocent as well as the guilty from obnoxious and disgraceful invasions of their right to privacy and retains the Fourth Amendment and similar state constitutional provisions unimpaired."

The overruling of appellant's motion to suppress the evidence obtained by means of the unlawful search was error for which the judgment in the instant case must be reversed. *Batts* v. *State* (1924), 194 Ind. 609, 616, 144 N. E. 23; *Flum* v. *State* (1923), 193 Ind. 585, 592, 141 N. E. 353.

Judgment reversed, with instructions to grant appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.