## MAHOK *v.* STATE OF INDIANA.

[No. 25,743. Filed January 20, 1931. Rehearing denied March 26, 1931.]

*Herman Key* and *W. O. Thomas*, for appellant.

*James M. Ogden*, Attorney-General, and *V. Ed Funk*, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged with possessing intoxicating liquor, and that he had theretofore been twice convicted of offenses defined by §4, ch. 48, Acts 1925, §2717 Burns 1926. The finding was guilty as charged, and judgment was imprisonment in the Indiana State Prison for not less than one nor more than two years.

Error is assigned upon the overruling of motion for a new trial, for the causes that: (1) The finding of the court is contrary to law; and (2) the finding of the court is not sustained by sufficient evidence.

Under the first cause for his reason for a new trial, appellant proposes that, because the charge against him is "that he did then and there *unlawfully* possess intoxicating liquor" and that he had theretofore been twice convicted of violating the same section of the statute, he was charged with a misdemeanor including previous convictions, and he could be found guilty only of a misdemeanor, and not guilty of committing a felony. The point made is that it is not alleged in the charge of the offense that appellant did *feloniously* possess intoxicating liquor.

The finding of the trial court is, "the defendant (appellant) is guilty as charged, that he is fifty-three years of age, that he be imprisoned at the Indiana State Prison for a period of not less than one nor more than two years." The trial of this case was submitted to the court. §2299 Burns 1926. The form and substance of the court's finding is controlled by statute law. Subject to exceptions, a verdict or finding must state the amount of fine and the imprisonment to be inflicted. §2315 Burns 1926. The defendant being over the age of 30 years, the court or jury trying the cause is limited in the finding to two facts: the age of the defendant, and whether he is guilty of the offense charged. Upon such a finding or verdict, it is the province of the court to pronounce sentence, which is the judgment. §2317 Burns 1926. From the statute, it follows that all of the court's findings except the finding of the age of the defendant and that he is guilty as charged is surplusage and of no effect in law. The finding being simply "guilty as charged," it does not follow that the effect of the finding is that appellant is guilty of a felony, unless, in law, a felony be charged by the affidavit. The only action by the court which could be said determines that the charge was for the commission of a felony instead of a misdemeanor is the judgment that appellant be com-

mitted to the Indiana State Prison. §2027 Burns 1926, §2717 Burns 1926. Appellant did not move to modify the judgment below. He may not present the question for the first time on appeal. *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826; *Cheek* v. *State* (1908), 171 Ind. 98, 85 N. E. 779. The finding and judgment is sustained as against the proposition presented.

Appellee also contends that, because appellant did not move to quash the charge, he waived his right to present "such defect" on appeal. Appellant admits that ■ the charge does present an unlawful misdemeanor, but argues that it does not present a felonious offense, the effect of the finding being that appellant is guilty of an offense which is not charged. This raises the question: Does the cause for a new trial "the finding of the court is contrary to law" (§2325 Burns 1926, Acts 1905 p. 584) include the proposition that the finding of guilty is for a crime not charged by the indictment? It seems obvious that a finding that a party is guilty of a crime with which he is not charged is not lawful; therefore, such a finding is unlawful—contrary to law. The error, if it be one, is properly presented by the motion for a new trial for the cause that "the finding of the court is contrary to law." *McGuire* v. *State* (1875), 50 Ind. 284; *Thetge* v. *State* (1882), 83 Ind. 126.

Appellant's proposition that the affidavit by which the offense is charged did not allege that the act was feloniously committed, and thereby only a mis- ■ demeanor was charged, and under this the finding of the court that he be committed to the Indiana State Prison was contrary to law, cannot be sustained. Upon motions to quash for the reason that the indictments did not charge that the act was feloniously done, it has been held that the several indictments or affidavits were sufficient to charge a felony. The proposition on the point in those cases is analogous to appel-

lant's proposition here. It is held that the affidavit in the case at bar was sufficient to charge a felony, and the finding of the court is not contrary to law. *Evans* v. *State* (1926), 198 Ind. 487, 154 N. E. 280; *Simpson* v. *State* (1925), 197 Ind. 77, 149 N. E. 53; *McDaniel* v. *State* (1926), 197 Ind. 179, 150 N. E. 50; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747.

Under the second cause for a new trial, that the evidence is not sufficient to support the finding of guilty appellant's proposition is, that the possession by the wife of appellant, even though in the family home, the husband being absent from the home, is not in the husband. The evidence is that two police officers went to the home of appellant at 1:45 p. m. In response to their knock at the rear door, defendant's wife came to the door and seeing them, they said to her through the closed door that they were police officers. She left leaving the door locked. The police broke open the door and followed her. She was at a wash tub in the kitchen with two quart Mason jars pouring out of them liquid when the officers entered the room. Water was running into the tub and out the drain pipe at the time. The jars had the odor of whisky. The officers drained the trap or catch basin under the tub and procured an analysis of the liquid thus caught, which liquid tested two and thirty-one hundredths alcohol by volume. Appellant was absent. The wife was arrested and taken to jail. At four o'clock of the same day, appellant came to the jail. The wife was then released from custody, and appellant, her husband, was charged with the unlawful possession of intoxicating liquor, tried, found guilty and sentenced. The police entered the home and searched and seized the intoxicating liquor in the execution of a warrant to search and seize. The entry and warrant are not questioned. There is no direct evidence that appellant possessed the seized liquor.

Unlawful possession is the ultimate fact necessary to be proved. To sustain the finding, it is necessary in law that the evidentiary proof will support the presumption, that the master of the home wherein the liquor was, the appellant, may be legally presumed to possess all property within it. Such a presumption is not induced as a matter of law from evidence, but it is rebuttable. The presumption is an evidentiary fact which must be based upon competent evidence. It has been held, based upon undisputed facts that intoxicating liquor was found in a house in which the defendant had possession and over which he had control, that it may be presumed as a fact that the defendant knowingly had possession of the liquor. *State* v. *Arrigoni* (1922), 119 Wash. 358, 205 Pac. 7, 27 A. L. R. 310. See *State* v. *Schuck* (1924), 51 N. D. 875, 201 N. W. 342; *State* v. *Sawyer* (1924), 71 Mont. 269, 229 Pac. 734; *Black* v. *State* (1930), 41 Ga. App. 349, 152 S. E. 922. At the trial of the case at bar, appellant's wife testified that she purchased the liquor the day the officers came, without the knowledge of her husband. Appellant testified that he had been convicted twice before for violating the liquor law, and had told his wife "to get away from the business" and that he did not know that his wife had whisky in the house; that he left the house about 10 o'clock that day and spent the day in Chicago, and returned home near 4 o'clock p. m. No one was at home. His daughter told him where the mother was, and he went to the police station to get her. The house in which he lived with his family was a three-story rooming house and hotel which he operated. Counter to the presumption of innocence, the fact might lawfully be presumed that appellant had the control and the possession knowingly of the liquor, from the other facts in evidence. The presumed fact of conscious possession was for the court or jury to find. *City of Jackson* v. *Gordon* (1919), 119

Miss. 325, 80 So. 785.   The finding of the court is sustained by sufficient evidence.

Judgment affirmed.